JOHN JOHNSON AND MARY JOHNSON v. T. F. ATWOOD.
No. 179.

1. APPELLATE PROCEDURE — *evidence not in record, presumed that findings accord with it.* The judgment rendered by the trial court is authorized by the findings. This court cannot inquire into the findings of fact where the evidence is not contained in the record, the presumption being that the findings are in accordance with the evidence.

2. APPRAISEMENT — *of real estate at judicial sale not necessary since § 28, ch. 109, Laws of 1893, repealed ¶¶ 4550, 4551, Gen. Stat. 1889.* Section 28, chapter 109, of the Laws of 1893, repeals paragraphs 4550 and 4551 of the General Statutes of 1889, and since that time no appraisement of real estate offered for sale under execution or order of sale is necessary.

Error from Cloud District Court. Hon. F. W. Sturges, Judge. Opinion filed March 22, 1897. *Affirmed.*

*L. J. Crans*, for plaintiffs in error.

*Theodore Laing*, for defendant in error.

McELROY, J. This proceeding was brought to review the rulings and judgment of the District Court of Cloud County, upon a motion to confirm the sale of real estate. The petition in error is based upon a transcript instead of a case-made. The record does not contain the evidence.

The trial court made special findings of fact. The

judgment rendered by the trial court is authorized by the findings. We cannot inquire into the findings of fact for the reason the evidence is not before us; the presumption is that the findings are in accordance with the evidence.

The execution was issued on the fifth day of August, 1893, and the property was sold thereunder on September 11. By section 28, chapter 109, Laws of 1893, paragraphs 4550 and 4551, General Statutes of 1889, sections 453. 453a of the Code, are expressly repealed; these are the only sections of our statutes that required or authorized the appraisement of lands offered for sale under execution, and these sections being repealed no appraisement was authorized at the time the execution in question was issued.

The judgment is affirmed.