## J. W. ALLEN, *Trustee, et al.,* v. JACOB LEU AND MINNIE LEU.

**No. 661.**    (59 Pac. 680.)

JUDICIAL SALES—*Redemption—Occupancy of Property—Order
of Court.* Under section 2 of chapter 109, Laws of 1893 (Gen.
Stat. 1897, ch. 95, § 521; Gen. Stat. 1899, § 4743), where the court
finds, upon the confirmation of the sale of real estate, that the
property has been abandoned, or is not occupied in good faith, it
has authority to limit the time in which redemption may be made
to nine months, and the certificate of sale and deed made in pur-
suance of the order of the court in such case are not void, however
erroneous.

Error from Atchison district court; SENECA HEATH,
judge *pro tem.*    Opinion filed January 4, 1900.    Re-
versed.

*W. F. Guthrie,* and *Jackson & Jackson,* for plaintiffs
in error.

*A. F. Martin,* for defendants in error.

The opinion of the court was delivered by

WELLS, J. : On the 16th day of March, 1895, W. P.
Waggener, trustee, and others recovered money judg-
ments against the defendants in error, Jacob Leu and
others, and an order decreeing the same to be liens
upon certain real estate in Atchison.    The court also

found that said premises were not occupied by the defendants, Jacob Leu and Minnie Leu, or either of them, and said property was ordered sold. The judgment provided :

"And the said real estate being subject to redemption, it is further ordered, adjudged and decreed that on such sale being made as hereinbefore provided the sheriff shall execute to the purchaser a certificate containing a description of the property and the amount paid by such purchasers, together with the amount of said costs up to said date, stating that unless redemption is made within eighteen months thereafter, according to law, by the defendant owner, that the purchaser, his heirs or assigns, will be entitled to a deed to the same, unless some junior lien-holder shall within three months from the expiration of said time exercise his right to redeem according to law. And it is further ordered, adjudged and decreed that at the expiration of said nine months, if no redemption shall have been made as hereinbefore provided, the sheriff of said county shall execute a deed for said described real estate."

On the 17th day of March, 1896, a special execution was issued, and a sale of the property in controversy was had thereunder on the 19th day of May, 1896. On May 21, 1896, said sale was confirmed, and a certificate ordered to be issued to the purchaser providing for deed if no redmption be made in nine months from that date. On September 10, 1896, Jacob Leu and wife filed a motion to correct said journal entry confirming said sale so as to provide for the issuance of deed in eighteen months instead of nine months. This motion was overruled on September 15, 1896. On March 15, 1897, a deed was made by the sheriff to the purchaser in conformity to the order of confirmation. On April 8, 1897, this action was brought to set aside said certificate and deed as void, and for damages. On

June 16, 1898, the cause was tried to the court without a jury, and the court held said certificate and deed without authority of law and void in so far as the time was limited to nine months in which redemption could be made, and rendered judgment for the plaintiff. To reverse this the cause is brought here.

The main question in this case is, Did the court in the cause in which the order of sale in controversy was issued have jurisdiction to limit the time in which redemption could be made to nine months? If it had jurisdiction to make the order upon any state of facts, the order, however erroneous, would not be void but only voidable, and would be binding upon all parties to the action unless reversed in some proper proceeding in the same case. This question involves the construction of chapter 109 of the Session Laws of 1893. The only part of said chapter bearing on this question is sections 1, 2, and 26 (Gen. Stat. 1897, ch. 95, §§ 471, 472, 521 ; Gen. Stat. 1899, §§ 4742, 4743, 4767), which read as follows :

"SECTION 1. After sale by the sheriff of any real estate on execution, special execution, or order of sale, he shall, if the real estate sold by him is not subject to redemption, at once execute a deed therefor to the purchaser ; but if the same is subject to redemption, he shall execute to the purchaser a certificate containing a description of the property and the amount of money paid by such purchaser, together with the amount of the costs up to said date, stating that, unless redemption is made within eighteen months thereafter according to law, that the purchaser or his heirs or assigns will be entitled to a deed to the same : *Provided*, that any contract in any mortgage or deed of trust waiving the right of redemption shall be null and void.

"SEC. 2. The defendant owner may redeem any real property sold under execution, special execution, or order of sale, at the amount sold for, together with

interest, costs, and taxes, as provided for in this act,
at any time within eighteen months from the day of
sale, as herein provided, and shall in the meantime
be entitled to the possession of the premises; but
where the court or judge shall find that the lands and
tenements have been abandoned, or are not occupied
in good faith, the period of redemption for defendant
owner shall be six months from the date of sale, and
all junior lien-holders shall be entitled to three months
to redeem after the expiration of said six months."

" Sec. 26.  The sheriff shall at once make a return
of all sales made under this act to the court; and the
court, if it finds the proceedings regular and in con-
formity with law and equity, shall confirm the same
and direct that the clerk make an entry upon the jour-
nal that the court finds that the sale has in all re-
spects been made in conformity to law, and order
that the sheriff make to the purchaser the certificate
of sale or deed provided for in section 1 of this act."

The views of counsel for defendants in error on
this question, and these seem to have been adopted by
the trial court, are clearly put in the following ex-
tract from his brief:

" Our contention is that under the provisions of this
act the sheriff could not issue any certificate of sale
except the one particularly described in section 1, and
that the court could not order the sheriff to issue any
other certificate than the one provided for in section
1; that when the sheriff assumed to issue any other
certificate, he acted entirely outside of his jurisdiction
and the authority given him, and his act was a nullity;
that when the court attempted or assumed to order
the sheriff to issue any other certificate the court acted
extrajudicially, and beyond its power and authority,
and its acts and orders in that respect were void."

The fifteenth rule of construction given in Leiber's
Hermeneutics is : "A consideration of the entire text
or discourse is necessary in order to construe fairly
and faithfully."  Under this rule the following illus-

tration is used : "There exists a law that no citizen shall carry arms on festivals ; another, to assemble with arms, as soon as the alarm-bell is sounded. A hostile fleet appears on Sunday off the harbor, the bells are rung, what was the citizen to do? He was to go armed, of course." We think the object and purpose of the law in question in this case is to provide a period of eighteen months to redeem the lands occupied in good faith, and in case the land has been abandoned or is not occupied in good faith a period of nine months only should be given. The question of the extent of the period of redemption is a matter for the determination of the court at the time of the confirmation. The issuance of the certificate of sale is a secondary matter, and the title of the purchaser would probably be good when the deed was made in accordance with the order of the court, though no certificate had in fact been issued. Concede that the provision for nine months in section 2 was the result of an amendment, as suggested by the defendant in error, still it would be none the less a part of the law.

We conclude that upon the sale of real estate upon execution or order of sale under chapter 109, Laws of 1893 (Gen. Stat. 1899, §§ 4742–4769), the court at the time of confirming the sale should fix the time of redemption according to the facts as found by it, and that the findings thereon are an adjudication in the case required by law, and are binding upon the parties to said action until reversed in some proper proceedings therein, and that a deed made in accordance with the order of the court conveys the title of the judgment debtor to the property therein described.

The judgment of the district court will be reversed, and said court directed to render a judgment in favor of the plaintiffs in error herein.