Armstead v. Jones.

NED ARMSTEAD et al. v. D. J. JONES.

No. 13,999.   (80 Pac. 56.)

SYLLABUS BY THE COURT.

1. EJECTMENT—*Misnomer of Defendant—Idem Sonans.* In an action in ejectment against a defendant described as "Ned Armstead," in which plaintiff derives title through a judgment against one designated as "Ned Almstead" and "Ned Olmstead," the testimony of the officer who served the summons in the action in which such judgment was rendered that such service was made upon the person who is defendant in the ejectment action justifies treating "Almstead" and "Olmstead" as different spellings of the name "Armstead."

2. JUDICIAL SALE—*No Appraisement Necessary.* Under the present statute no appraisement of real estate sold upon execution is required, even where such sale is expressed to be subject to a mortgage.

3. ——— *Certificate of Purchase Not a Prerequisite to a Deed.* Where a sale of real estate on execution is made subject to the right of redemption the issuance of a certificate of purchase is not a prerequisite to the execution of a sheriff's deed for the property sold.

4. ——— *Misrecitals in Sheriff's Deed Will Not Prevent Recovery.* In an action of ejectment, where it is shown that plaintiff is entitled to a valid sheriff's deed to the property in controversy, based upon a sale on execution, and has in fact

received a deed from the proper officer purporting to convey it to him, misrecitals in such deed will not enable the execution defendant to defeat a recovery.

5. ———— *Proper Person to Make Deed.* Where real estate is sold upon execution, subject to the right of redemption, the proper person to make the deed is the sheriff who is in office when the right to the deed accrues.

Error from Lyon district court; DENNIS MADDEN, judge. Opinion filed March 11, 1905. Affirmed.

*Edwin S. Waterbury,* for plaintiffs in error.

*M. M. Suddock,* and *Buck & Spencer,* for defendant in error.

The opinion of the court was delivered by

MASON, J.: D. J. Jones sued Ned Armstead for the possession of a city lot, and recovered a judgment, to reverse which this proceeding is brought. The plaintiff's title was based upon two sheriff's deeds, issued in pursuance of an execution sale made upon a judgment rendered against the defendant by a justice of the peace and taken to the district court by transcript. The controversy turns upon the validity of such judgment, sale, and deeds, the objections to which will be considered *seriatim.*

It is contended that there was no sufficient showing of a service of summons on the execution defendant or of the rendition of a judgment against him. The action in the justice's court was brought upon two notes purporting to be executed by "Ned Olmstead," by the use of a mark. The summons commanded the officer to whom it was addressed to serve it upon "Ned Almstead." The return showed a service by the leaving of a copy at the usual residence of "Ned Almstead." The defendant testified that he never knew of the summons or of the action until after the judgment was rendered and his property was advertised for sale on execution. The constable who served the

summons identified the ejectment defendant as the person at whose residence the copy had been left. The judgment was entered against "Ned Almstead."

The contention is that these proceedings do not show a good service upon, or judgment against, the defendant, whose name is said to be "Ned Armstead," and who was sued by that name in the ejectment action. The different combinations of letters by which the name of the defendant was sought to be indicated in the proceedings before the justice and in the district court do not, of course, by any approved usage represent precisely the same sounds; but the rule of *idem sonans* requires only that there be a practical identity of sound, or even, as has been said, so close a similarity that the attentive ear finds difficulty in distinguishing the names when pronounced. (21 A. & E. Encycl. of L. 313.) It is easily conceivable that the defendant's own pronunciation of his name was such that it might be difficult to say what should be the proper spelling. The testimony of the constable that the "Ned Armstead" who is a party to this litigation was the very person upon whom he served the justice's summons, by leaving a copy of it at his place of residence, if accepted as true, removes any doubt that might otherwise exist as to the sufficiency of the service, or as to the identity of the defendant in the ejectment action with the defendant in the case before the justice of the peace.

The judgment referred to was rendered in 1894. The real property in question appears to have been sold subject to an existing mortgage. No appraisement was made and there was no investigation or determination of the amount of the mortgage. In 1887 section 448 of the civil code was amended by adding a provision that lands encumbered by mortgage "may be levied upon and appraised and sold, subject to such lien or liens, which shall be stated in the appraisement." (Laws 1887, ch. 177.) In 1893, as a

part of the law providing for a redemption of lands sold on execution, the requirement for their appraisement was repealed (Gen. Stat. 1901, § 4954), but no express change was made in said section 448, and the words just quoted are found in the present statute. (Gen. Stat. 1901, § 4898.)   It is claimed by plaintiff in error that in virtue of this fact it is still necessary where land is to be sold on execution subject to a mortgage that there should be an appraisement, or some determination of the amount of such lien, and that for lack of such step the sale was void. To this we cannot agree. The explicit repeal of the section of the statute providing for the appointment of appraisers (Gen. Stat. 1889, § 4550) showed an unmistakable purpose to do away with an appraisement as a part of the procedure in execution sales, notwithstanding the omission to eliminate references to the matter from other sections.   The statute upon its face (Gen. Stat. 1901, § 4903) still forbids the sale of real estate upon execution for less than two-thirds of its appraised value, but it is recognized that such prohibition has become obsolete. (*Johnson v. Atwood,* 5 Kan. App. 346, 48 Pac. 600; *Phelps v. Trust Co.,* 62 Kan. 529, 64 Pac. 63.)

The execution sale referred to was made September 10, 1894, by Thomas Evans, who was sheriff at that time.   On April 9, 1896, Dan Gaughan, who had in the meantime succeeded to the office of sheriff, executed a deed upon it.   This deed, among other inaccuracies, recited that the sale was made upon a judgment rendered in the district court commanding the sale of the real estate in controversy, and gave the defendant's name as "Ned Armistead."   In October, 1903, with the purpose of correcting the mistakes of the first deed, Gaughan executed a second sheriff's deed.   The first deed is objected to on account of its misrecitals, and both deeds are objected to upon the

10—71 KAN.

ground that no officer except the one who made the sale could execute a valid deed without a special order of the court, under section 465 of the code (Gen. Stat. 1901, §4911). No such order was here shown. Prior to 1893 the statute required a sheriff's deed to recite certain steps in the proceedings on which it was based. (Gen. Stat. 1889, §4557.) This section was repealed by section 28 of chapter 109, Laws of 1893. (Gen. Stat. 1901, §4954.) From that time until 1899 there was no statutory requirement as to such recitals. Then a new section was enacted (Gen. Stat. 1901, §4955), which made any deed purporting to have been made in pursuance of an execution of a court of record *prima facie* evidence of the legality of the proceedings upon which it was based. Therefore, when the first deed referred to was issued the statute did not require that it should contain any specific recitals. Doubtless the evidence that its statements were incorrect was sufficient to overthrow any presumption of authority for its issuance; but this authority was otherwise established by the introduction of the records of the proceedings on which it was based. It is true that it is not shown that a certificate of purchase was ever delivered, but as suggested in *Allen v. Leu,* 9 Kan. App. 246, 59 Pac. 680, such certificate is not a prerequisite to a deed. It serves a purpose of its own, and its function ceases when a deed is made.

This, then, is the situation presented: At the time of the execution of this deed the grantee had bought the property at a valid execution sale; the sale had been confirmed; the period of redemption had expired; the purchaser was entitled to a deed; the statute did not in terms require the deed to show the character of the judgment on which it was based; the sheriff made a deed purporting to convey the property, but misdescribed the judgment. Whether or not this deed was valid for all purposes and against any

Armstead v. Jones.

attack, it was sufficient, with the prior proceedings in the matter, to enable the holder to maintain ejectment against the judgment defendant, if it was made by the proper person. The old statute (Gen. Stat. 1889, § 4557) required a sheriff's deed to be executed by the officer who made the sale. The present requirement applicable to sales made subject to redemption is that "if the defendant in execution . . . fail to redeem, the sheriff must, at the end of the redemption period, . . . execute a deed to the person who is entitled to the certificate of purchase." (Gen. Stat. 1901, § 4946.)

The statute in which this language occurs is modeled upon that of Iowa, and the section cited is almost a literal transcript of section 3124 of McLain's Annotated Statutes of Iowa (1882), from which it is manifestly taken. Prior to its adoption here the Iowa supreme court had construed the words "the sheriff" as used in this section to refer to the person holding that office at the time the certificate is produced and the deed demanded. (*Conger v. Converse,* 9 Iowa, 554.) Following this construction, we hold that Gaughan was in April, 1896, the proper person to make a deed in pursuance of the sale made in September, 1894. From these conclusions it results that plaintiff was entitled to recover irrespective of the second deed, and the effect of that need not be considered. The judgment is affirmed.

All the Justices concurring.