JOHN D. CARTER V. EMMA HYATT.

No. 15,134.   (91 Pac. 61.)

1. JUDICIAL SALES—*Seal Omitted from Order of Sale—Effect of Confirmation.* Whether or not an order of sale issued by the clerk of a district court to the sheriff, directing him to sell the land in a foreclosure suit in accordance with a former decree of the court, is authenticated by the seal of the court is a fact necessarily involved in the subsequent adjudication in the confirmation of, or refusal to confirm, the sale.

2. ———— *Presumption of Regularity—Collateral Attack.* In such a case, if the court, having jurisdiction of the subject-matter and the parties, confirms the sale, it will be presumed it found that the order of sale was so authenticated; and, if such finding be erroneous, the adjudication is not by reason thereof void but is only voidable, and is vulnerable to attack only in a direct, and not in a collateral, proceeding.

Error from Pratt district court; PRESTON B. GILLETT, judge. Opinion filed July 5, 1907. Affirmed.

### STATEMENT.

JOHN D. CARTER brought this suit in the district court of Pratt county to recover a certain tract of land, admitting that he should first pay the amount which should be found to be due from him after an accounting, for which he prayed. In his petition he alleged, in substance, that in August, 1886, he mortgaged the land to secure the payment of a note and interest coupons; that he defaulted in payment; that a suit was brought against him by the holder of the mortgage for the foreclosure thereof; that judgment was therein rendered against him for the debt, and a decree was made for the foreclosure of the mortgage and for the sale of the land; that an order of sale, unauthenticated by the seal of the court, was issued in due time, and the sheriff sold the land in accordance with the mandate thereof and made a proper return to the court of his proceedings thereunder; that thereafter such sale was

confirmed by the court, and the sheriff was ordered to make a deed of the land to the purchaser, which was done; that the order of sale, and all the proceedings of the sheriff thereunder, and all the subsequent proceedings of the court in the matter, were void by reason of the omission of the clerk to authenticate the order of sale by attaching thereto his official seal; and that the defendant was in possession of the land under a conveyance from the purchaser at the sheriff's sale.

A copy of the order of sale was attached, which shows that the decree of foreclosure was rendered in October, 1889, and the order of sale, without the seal, was issued in April, 1890. The return thereon indicates that the sale was conducted according to law. No allegation of fraud in the sale, nor of anything whatever which would affect the rights of the plaintiff, is made. The only infirmity in the proceeding complained of is the absence of the clerk's seal from the order of sale.

A general demurrer was filed to this petition and was sustained by the court. To reverse this ruling Carter brings the case here.

*George E. McMahon,* for plaintiff in error.

*William Barrett, R. F. Crick,* and *L. G. Turner,* for defendant in error.

The opinion of the court was delivered by

SMITH, J.: The only question necessary to be considered in this case is whether the omission of the clerk to affix his seal to the order of sale renders all the subsequent proceedings void and subjects them to collateral attack, or whether the subsequent proceedings were only voidable, and were so far at least validated by the order of the court confirming the sale as to render them invulnerable to a collateral attack. We hold the latter view.

That the sale was at least voidable at the time and

20—76 KAN.

before the confirmation thereof must be fully admitted. The court which made the order of foreclosure and sale, in the absence of any allegation in the petition to the contrary, must be assumed to have had personal jurisdiction of Carter as well as jurisdiction of the subject-matter. In other words, Carter was in court, or, which is the same in effect, had the opportunity to be in court, not only when the order of sale was made but when the motion to confirm the sale was presented. Upon the hearing of the application to confirm the sale the question before the court was, Are the proceedings regular and in conformity with law and equity? (Gen. Stat. 1901, § 4952.)

The order confirming the sale and directing the sheriff to make a deed was an adjudication of all the facts involved in the inquiry, one of which was the issuance of a legal order of sale. In case of a decision adverse to his interest all legal methods of correcting the error were open to him. Should he, then, be allowed to ignore the proceedings of the court, and, years afterward, in a collateral attack, to assert that a fact upon which the order of confirmation was based is false? If the order of confirmation was an adjudication that all the proceedings, including the issuance of the order of sale, were regular and in conformity with law, he cannot in this action be heard to dispute it. In the opinion in an analogous case, *Cross v. Knox*, 32 Kan. 725, 5 Pac. 38, it was said:

"The act of the clerk in issuing the order, and the acts of the sheriff under it, were ministerial, and might have been reached by motion to vacate or set aside; but the order of the court confirming the sale was a judicial act, and is such a final order as can only be reached, and if erroneous, corrected, by proceedings in error. . . . We incline to the opinion (but do not decide the question) that a confirmation of the proceedings of a sheriff under an order of sale is a judicial determination that establishes the legality of the order of sale as well as the legality of the sale made under it." (Page 734.)

That the order of sale is a process of the court and should be authenticated by the seal thereof is unquestionable, but in this case, while called the order of sale, it was not the real order of sale; it, in effect, only communicated to the sheriff the order theretofore made by the court, which was the primary authority of the sheriff to sell the land.

This was not an execution sale, in the proper sense of the term, but was a judicial sale. The distinction is illuminated at length in *Norton v. Reardon*, 67 Kan. 302, 72 Pac. 861, 100 Am. St. Rep. 459. An excerpt from a quotation therein made, with approval, from section 1 of Freeman on Void Judicial Sales, epitomizes the distinction:

"The chief differences between execution and judicial sales are these: The former are based on a general judgment for so much money, the latter on an order to sell specific property; the former are conducted by an officer of the law in pursuance of the directions of a statute, the latter are made by the agent of a court in pursuance of the directions of the court; in the former the sheriff is the vendor, in the latter, the court; in the former the sale is usually complete when the property is struck off to the highest bidder, in the latter it must be reported to and approved by the court."

At common law if, at an execution sale, the sheriff or officer authorized to make the sale conformed to the established regulations, the sale was final and valid as soon as made, and confirmation was only required in chancery cases, which are, of course, judicial sales. (Rorer, Jud. Sales, 2d ed., §§ 9, 16; also, note 4, p. 6.) Under our own statutes, however, all sales of real estate, either on execution or on order of sale, must be confirmed by the court before a deed is issued. (Gen. Stat. 1901, § 4952.)

If the writ in question had been one to bring the defendant into court, or one upon which the jurisdiction of the court in any way depended, the omission of the seal would have been fatal and the jurisdiction of the court would not have attached. If the sale had been

attacked on the motion to confirm, as in *Gordon v. Bodwell,* 59 Kan. 51, 51 Pac. 906, 68 Am. St. Rep. 341, it should, according to the decision in that case, although there is much authority to the contrary, have been set aside. That was a direct attack. In this case the ·attack is collateral, and herein lies the distinction. Expressions are used in the opinion in *Stouffer v. Harlan,* 68 Kan. 135, 137, 74 Pac. 610, 64 L. R. A. 320, 104 Am. St. Rep. 396, where the order of sale was not authenticated by the seal of the court, to the effect that the order of sale and all the proceedings under it were thereby rendered null and void. The case, however, did not depend upon this question, but upon the rights of the mortgagee in possession. The remarks were therefore *obiter dicta.*

The law favors the stability of judgments; and, to maintain the judgment of a court having jurisdiction of the subject-matter involved and of the parties to an action, it is to be presumed from a general finding or judgment in favor of one party that every fact involved in the action and necessary to support the judgment was found in favor of the prevailing party. (*Bixby v. Bailey,* 11 Kan. 359; *Knaggs v. Mastin,* 9 Kan. 532; *Winstead v. Standeford,* 21 Kan. 270.) Where a court has jurisdiction over the subject-matter of an action and over the parties in the case, no error in its exercise can render the judgment void. (*Burke v. Wheat,* 22 Kan. 722; *Meixell v. Kirkpatrick,* 28 Kan. 315; *Sweet v. Ward,* 43 Kan. 695, 23 Pac. 941; *Bank of Santa Fe v. Haskell County Bank,* 51 Kan. 50, 32 Pac. 627.) In such a case, even if a court decides a fact upon which its jurisdiction depends contrary to the real truth, its judgment based on such jurisdiction is not void, but is only erroneous. (*In re Wallace,* 75 Kan. 432, 89 Pac. 687; *Ayres v. Deering, ante,* p. 149.)

Under these authorities the allegation of the petition that the court confirmed the sale in question really admits that the court found that the order of sale was authenticated by the seal of the clerk, as this is a fact

necessarily embraced in the general finding required by section 4952 of the General Statutes of 1901, that "the proceedings [are] regular and in conformity with law and equity," without which finding the court had no authority to confirm the sale. True, the petition says this is not the real fact. Assuming, as we must, the truth of all the allegations of the petition, it follows that the adjudication confirming the sale was erroneous, but it was not void, even though the order of sale was void.

Bearing in mind the distinction in *Norton v. Reardon,* 67 Kan. 302, 72 Pac. 861, 100 Am. St. Rep. 459, between ministerial and judicial sales, in the former of which the sale is consummated by the sheriff by authority of the law and in the latter by the court through the agency of the sheriff, it would not be without the support of authority, probably the greater weight of authority, to say that even though the court examined the order of sale, as perhaps it should be presumed to have done, and hence knew that it was unauthenticated by the seal, the court, by confirming the sale, cured the defect. The most that is claimed in the petition is that the sheriff, in making the sale, acted without legal authority. It is not claimed that the court was without jurisdiction or authority. Now, if the sale was really made by the court through its agent, the sheriff, and upon the application to confirm the sale the court found there was no fraud or collusion in the sale itself, and that all the proceedings were regular and in conformity with law and equity, except that technically the sheriff had no authority to proceed to execute the mandate, could not the court, and did it not, by confirming the sale, ratify the unauthorized act of its agent and thus give it validity? The authorities on this question, *pro* and *con,* are collated in a note covering several pages, at the foot of *Watson v. Tromble,* 29 Am. St. Rep. 495. (See, also, 17 A. & E. Encycl. of L. 993; *Robertson v. Smith,* 94 Va. 250, 26 S. E. 579, 64 Am. St. Rep. 723 and note; 24 Cyc. 36.)

The weight of authority seems to be that in the absence of fraud or circumstances that might affect substantial rights the court may cure by confirmation any infirmity in the proceedings which it could correct by immediately ordering a new sale. This seems to accord with reason. The plaintiff here had opportunity to know, at the time of the confirmation, the fact upon which he seeks to have the whole proceedings adjudged void. He may not then have desired to take advantage of it. The lapse of about fifteen years may have augmented the value of the property and effected a change in his mind. If this be the situation, he is entitled to little equitable consideration, but he should prevail, if at all, because the law entitles him to what he asks.

It seems well established that whether a sale shall be confirmed or set aside is largely a matter of judicial discretion; that the determination thereof is a judicial decision, final unless corrected by appeal or unless wholly void; that the fact upon which the alleged infirmity is based was determined by the court in confirming the sale, and even if the fact were erroneously determined the final order of confirmation is not therefore void.

It follows that the demurrer to the petition was properly sustained, and the judgment is affirmed.