No. 20,959.

THE UNION CENTRAL LIFE INSURANCE COMPANY, *Appellee*, v. LOUIS CARRA et al. (W. H. HARNEY, *Appellant*).

### SYLLABUS BY THE COURT.

1. MORTGAGE FORECLOSURE — *Separate Tracts of Land in Each of Two Counties—How Lands Must Be Sold.* A sale under mortgage foreclosure of two separate tracts of land in each of two counties was made and confirmed. That part of such sale proceedings relating to the lands in the county other than where the action was brought was void and could be set aside at any time.

2. SAME—*Void Sale—Confirmation—Rulings on Motions to Set Aside Confirmation.* It was not error to refuse to set aside such judgment, order, sale and confirmation, on the defendant's motion filed some sixteen months after such confirmation, and several weeks after the plaintiff had moved to set aside the proceedings as to the land in the

other county and issue an order of sale to the sheriff thereof; nor was it error to deny the defendant's motion to set aside such last mentioned order of sale.

3. SAME—*Costs—Adjusted by Motion to Retax.*  Needless costs made by irregularities in such proceedings can be adjusted on a motion to retax.

4. SAME—*No Appraisement Required.*  In a mortgage foreclosure sale an appraisement is not required.

5. SAME—*When Unnecessary to Post Notices of Sale.*  It is not necessary in such sale to post notices thereof in a county where a newspaper is regularly published.

Appeal from Chautauqua district court; ALLISON T. AYRES, judge. Opinion filed July 7, 1917. Affirmed.

*Chester Stevens,* of Independence, for the appellant.

*J. A. Ferrell,* of Sedan, for the appellee.

The opinion of the court was delivered by

WEST, J.: The mortgage foreclosed in this action covered two separate tracts of land in Chautauqua county, where the suit was brought, and also two separate tracts in Elk county. June 4, 1914, the court rendered judgment and directed the sheriff of Chautauqua county to sell all of the lands, which order he obeyed. The Chautauqua lands sold for $3312.25, and those in Elk county for $1419.46, the plaintiff being the purchaser. September 1, 1914, the sale was confirmed. December 16, 1915, the plaintiff filed its motion to set aside the order of sale, the sale and confirmation so far as they related to the lands in Elk county, and for an order of sale of the Elk county lands to the sheriff of that county. This motion was granted a few days later, the record showing no notice to, or appearance by, the defendant. January 15, 1916, the defendant filed a motion to set aside the judgment of June 4, 1914, the order of sale, and the sale of July 20, 1914, and the confirmations thereof on the grounds that they were void because the judgment directed the property to be sold *en masse,* by reason of which it did not bring a fair price; that it did not direct an appraisement; that the lands were sold for less than two-thirds of what their appraised value would have been;

23—101 Kan.

that the sheriff returned his fees, charges and commissions in a lump sum and did not post notices of the sale at five public places in either county. This motion was overruled February 2, 1916. January 15, 1916, an order of sale was issued to the sheriff of Elk county to sell the lands there situated, and on February 21, 1916, upon a notice in a newspaper they were sold, the sheriff returning his fees and costs at $17.55. April 3, 1916, the defendant filed another motion to set aside the judgment and the order of sale and sale of the Elk county land, setting up, among others, the ground that the purchase under the first sale had satisfied the judgment and costs. This motion was overruled April 7, 1916. April 19, 1916, the sale of the Elk county lands was confirmed. The defendant appeals and claims that the first sale was void because covering the lands in the two counties, that after the close of the term at which it was confirmed the court was without jurisdiction to modify the first judgment and that the new order of sale was likewise void for the same reason. Also that the court erred in refusing to set aside the new order of sale and the sale thereunder. Lack of appraisement and failure to post notices in five public places are also urged as invalidating the first as well as the second sale.

Of course there were great irregularities in the proceedings and the defendant should not be taxed with the needless costs thereby made, but this matter can be fully and properly adjusted on a motion to retax costs, if necessary, although from a statement in the plaintiff's brief it would seem that this item has been settled.

Authorities are cited in support of the voidability of a judgment of foreclosure requiring the sale of separate tracts of land; but none is pointed out which hold that such a judgment order and sale are void, especially after confirmation. Beyond question, however, that part of the judgment, order and sale confined to the Elk county lands was void and not merely voidable. Hence this part of the judgment could, under the familiar rule as to void judgments, be set aside at any time. (*Challiss v. Headley & Carr*, 9 Kan. 684; *Gille v. Emmons*, 58 Kan. 118, 48 Pac. 569.)

Since the decision in *Armstead v. Jones*, 71 Kan. 142, 80 Pac. 56, the rule has been settled that in a mortgage foreclos-

ure sale an appraisement is not necessary. Counsel calls attention to certain sections of. the statute not repealed by the adoption of the present civil code, but these can be harmonized with the view and application adopted in the Armstead case. (See *Norton v. Reardon,* 67 Kan. 302, 72 Pac. 861; *Fraser v. Seeley,* 71 Kan. 169, 79 Pac. 1081.)

Since *McCurdy v. Baker,* 11 Kan. 111, the necessity of posting notices in five public places in counties where newspapers are regularly published has not been deemed essential. The doctrine of that case must be deemed controlling.

The judgment is affirmed.