No. 21,192.

MINERVA CATLIN, *Appellant*, v. WILLIAM DEERING & COMPANY et al., *Appellees*.

### SYLLABUS BY THE COURT.

1. MORTGAGE FORECLOSURE—*Irregularities in Sheriff's Sale—Sale Confirmed—Sheriff's Deed Not Open to Attack*. Mere irregularities in the conduct of a sheriff's sale of real estate, such as the omission to cause an appraisement where that is required, or the failure to name an hour in the notice of the sale, can afford no basis for an attack upon the sheriff's deed after a decree of confirmation has been rendered from which no appeal has been taken.

2. SAME — *Sheriff's Sale — Valid Order of Sale — Void Execution*. A sheriff's sale of real estate made under a valid order of sale and a void execution is not a nullity, and after it has been confirmed and the decree of confirmation has become final the title of the purchaser is not open to attack on the ground of the invalidity of the execution.

3. SAME—*Sheriff's Deed—Title of Grantee Not Open to Attack*. Where a sheriff's sale of real estate, made under an order of sale based on the foreclosure of a mortgage, and also under an execution, has been confirmed, and after the expiration of the period of redemption a deed has been executed, the title of the grantee is not open to attack on the ground that the land sold was occupied as a homestead and was therefore exempt from sale on a general execution.

Appeal from Barber district court; GEORGE L. HAY, judge. Opinion filed January 12, 1918. Affirmed.

*G. M. Martin,* of Medicine Lodge, for the appellant.

*A. L. Noble,* of Winfield, *J. N. Tincher,* and *Seward I. Field,* both of Medicine Lodge, for the appellees.

The opinion of the court was delivered by

MASON, J.: On December 29, 1915, Minerva Catlin brought an action to set aside a sheriff's deed and all the proceedings on which it was based. She was denied relief, and appeals.

She was formerly the owner of the land involved, which is situated in Barber county. A mortgage upon it was foreclosed, and on December 22, 1913, the property was sold by the sheriff of that county under an order of sale based on the decree in the foreclosure case, and also under a purported execution issued by the clerk of the district court of that county, but based upon a judgment rendered against Mrs. Catlin in Kingman county. The grounds upon which the plaintiff asks to have the deed set aside are: (a) that the sale was made without appraisement; (b) that the notice of the sale failed to state the time of day at which it would be held; (c) that the execution was a nullity because it was not issued out of the court where the judgment was rendered; and (d) that the property was occupied as a homestead and was therefore exempt from sale on a general execution.

1. The statute no longer requires an appraisement where land is sold on execution. (*Armstead v. Jones,* 71 Kan. 142, 80 Pac. 56; *Insurance Co. v. Carra,* 101 Kan. 352, 166 Pac. 233.) Moreover, any omission in that regard, as well as any defect in the notice of sale, is now immaterial, because a confirmation has been had and no appeal has been taken therefrom. That sets at rest all disputes of fact or law which are involved therein, save such as go to the question of jurisdiction. (*Carter v. Hyatt,* 76 Kan. 304, 91 Pac. 61; *Clark v. Tandy,* 101 Kan. 328, 167 Pac. 1039.)

2. An attested copy of the journal entry of the Kingman county judgment was filed in the office of the clerk of the district court of Barber county. This made the judgment a lien upon real estate of the debtor in that county, but an execution thereon could only be issued by the clerk of the district court of Kingman county. (Gen. Stat. 1915, § 7320.) The sale having been made upon two writs, one of which was valid, was not a nullity. The confirmation cured all mere irregularities, and the title passed by the sheriff's deed. (17 Cyc. 1308; 10 R. C. L. 1333; 3 Freeman on Executions, 3d ed., § 325.) So far as the passing of title was concerned, the sale was not affected by the existence of the void execution. If any prejudice resulted to the owner from the sale having been made in part under color of the execution, this would have afforded a

17—102 Kan.

basis for resisting the confirmation, but not for attacking the title after the execution of a deed. Any question as to the amount required to effect a redemption would really be one concerning the distribution of the proceeds of the sale, which is not a matter to be considered in this proceeding.

3. No question of exemption appears to have been raised at the time the sale was confirmed. But after the confirmation, and after the period allowed for redemption had expired, a writ of assistance was asked against Mrs. Catlin. She opposed the application on various grounds, one of them being that the property was her homestead, and therefore was exempt from sale under the execution. The writ was allowed and no appeal was taken. If the question of exemption were one that could be raised by an attack upon the validity of the sale, it would seem to have been adjudicated by the order granting the writ of assistance, which is appealable (5 C. J. 1327; 2 R. C. L. 739, 740), and while not always conclusive (*Lundstrum v. Branson,* 92 Kan. 78, 139 Pac. 1172), is so as to matters properly litigated. (5 C. J. 1325, 1326.) But as has already been said, the sale must stand by virtue of being based upon the order of sale issued under the decree in the foreclosure case, even though the execution was absolutely void. The title and right of possession have passed to the purchaser, whether the land was occupied as a homestead or not. The question whether the land was exempt from sale on execution, like the question whether the purported execution had any validity, could only affect the disposition of the proceeds of the sale over and above the amount of the mortgage debt— a matter that cannot be inquired into in this proceeding, which is an attack on the title to the land.

The judgment is affirmed.