No. 22,423.

W. J. ANDERSON, *Plaintiff*, v. MINERVA CATLIN, *Appellant*, F. B. CHAPIN, Trustee, *Appellee*, et al.

#### SYLLABUS BY THE COURT.

REDEMPTION—*Foreclosure of Mortgages—Party Entitled to Redeem.* It is held that no error is shown affecting a decision that the holder of a sheriff's deed based on the foreclosure of a second mortgage is entitled to redeem from a subsequent sale under a decree foreclosing the first mortgage.

Appeal from Barber district court; GEORGE L. HAY, judge. Opinion filed January 10, 1920. Affirmed.

*G. M. Martin,* of Medicine Lodge, and *T. A. McNeil,* of Topeka, for the appellant.

*A. L. Noble,* of Winfield, *J. N. Tincher, Adrian S. Houck, Seward I. Field,* and *A. L. Orr,* all of Medicine Lodge, for the appellees.

The opinion of the court was delivered by

MASON, J.: A tract of land was sold under a decree fore-closing a first mortgage in favor of W. J. Anderson. A controversy arose between Mrs. Minerva A. Catlin and F. B. Chapin, trustee, as to which of them was entitled to the right of redemption. The trial court decided in favor of Chapin, and Mrs. Catlin appeals.

Mrs. Catlin was at one time the owner of the land and executed to the Peoples State Bank of Medicine Lodge a mortgage upon it, subject to the one already mentioned. The second mortgage was foreclosed in 1913 without making the first mortgagee a party, and under the resulting decree the land (subject to the first mortgage) was sold to "F. B. Chapin, Trustee," and a sheriff's deed was executed to him under that designation. The sale purported to be made, not only by virtue of the decree referred to, but also under an execution on a personal judgment against Mrs. Catlin in favor of William Deering & Company, a corporation. On December 29, 1915, Mrs. Catlin brought an action to set aside the sheriff's deed on the ground that the execution was a nullity, and that the Deering company's judgment was not a lien on the land, because of its being occupied by her as a homestead. She was denied relief, and the decision was affirmed for the reason that, regardless of whether or not the execution was valid, or the personal judgment a lien, the title to the land had passed by the deed because it was based on a sale made under the decree in the foreclosure case, and the questions referred to affected only the disposition of the proceeds in excess of the mortgage debt. (*Catlin v. Deering & Co.*, 102 Kan. 256, 170 Pac. 396.)

In that case, although the sale was made and the deed executed to "F. B. Chapin, Trustee," nothing was shown as to the character of the trust, or its beneficiaries. In this case it was developed that Chapin was acting as trustee for the bank and for the Deering company. This fact is mentioned here for whatever light it may throw on the contentions made, but it is not regarded as affecting the rights of the parties to this appeal in any way.

In the present case Mrs. Catlin filed an answer which in-

cluded matter styled a cross petition, alleging that on August 17, 1915, she had contracted with Chapin for the purchase of the land for the amount of the bank's mortgage, had made payment thereon, stood ready to pay the balance, and was in possession of the property; and that the Deering company had no interest in it, because of the nullity of the execution and of its judgment not being a lien. The dates already given show that the contract alleged by Mrs. Catlin was said to have been entered into several months before she brought her action to set aside the sheriff's deed. In that action she pleaded the same contract. So that her effort seems to be to relitigate the matters involved in that case. The appeal now under consideration, however, is from the decision of the district court that Chapin, as trustee, and not Mrs. Catlin, is entitled to redeem from the sale under the decree in the present case. The sheriff's deed, which was held to be valid on the former appeal, was sufficient to sustain that ruling in the absence of proof of a subsequent change of title. The judgment recites that evidence was introduced at the hearing upon the question as to who had the right of redemption, but the abstract contains none, and no transcript thereof appears to have been made. The presumption must be that the evidence supported the judgment.

No formal denial was filed to the pleading of Mrs. Catlin, but in his own answer Chapin had alleged that as trustee for the bank and the Deering company he was the owner in fee simple of the land, subject only to the plaintiff's mortgage. Whether or not good practice required a further pleading by him, it is obvious that the decision was not based upon its absence. The hearing was upon motions of the parties who are here contesting, to be allowed to redeem from the sale on the first mortgage. The suggestion is made that Mrs. Catlin's answer was to be taken as true because not denied under oath. That would not be the case except as to the allegation it contained that Chapin had signed a receipt for $510 on an "agreement on land foreclosure" the terms of which were not stated in the receipt nor (so far as the pleadings showed) in any other writing.

The appellant's real contention seems to be that the judg-

ment of the Deering company was not a lien on the land. As was suggested in the opinion on the former appeal, her remedy in that event lay in claiming the proceeds of the sheriff's sale over and above the bank's mortgage, and not in attacking the title that had passed by the deed. That suggestion still holds good, and applies as well to the situation now presented.

Objections have been made to the counter abstract, which are technically good, but do not affect the decision of the case on its merits.

The judgment is affirmed.