No. 23,312.

THE FIRST NATIONAL BANK OF PLAINVILLE, *Appellee*, v. S. T. BARONS et al., *Appellees* (LUCY A. JAMES, *Appellant*.)

SYLLABUS BY THE COURT.

1. JUDICIAL SALE—*Mortgage or Trust Deed—No Appraisement Required.* Under sections 449, 450 and 451 of the civil code, appraisement is not required in a sale to foreclose a mortgage or trust deed.

2. SAME—*Judicial Sale Not an Execution Sale.* Such a sale is a judicial and not an execution sale.

3. SAME. Distinction between execution sales and judicial sales defined.

Appeal from Rice district court; ELRIC C. COLE, judge, *pro tem.* Opinion filed July 9, 1921. Affirmed.

*Carr W. Taylor,* and *John H. Connaughton,* both of Hutchinson, for the appellant.

*Ira E. Lloyd,* of Ellsworth, *Samuel Jones,* and *Ben Jones,* both of Lyons, for the appellees.

The opinion of the court was delivered by

WEST, J.: After prolonged litigation the defendant, Lucy A. James, to enforce her trust deed, procured an order of sale in accordance with the decree of the court, asking in the præcipe that the property be sold with appraisement. The decree did not require appraisement and the clerk refused to issue the order prepared by counsel requiring it, and issued one with no mention of an appraisement. One of the mortgages foreclosed in the same suit contained a waiver of appraisement, and the other a waiver, or not, at the option of the mortgagee. These mortgages were prior to the trust deed of Mrs. James.

The only question presented now is whether or not the sale should be set aside because made without appraisement.

Counsel for the defendant contends that under the civil code as adopted in 1909, appraisal is required, while plaintiff's counsel insist that under our decisions none is necessary.

Sections 4550 and 4551 of the General Statutes of 1889, provided for and required appraisement unless the instrument foreclosed contained the words "appraisement waived" or words of similar intent. These two sections were expressly repealed by section 28, chapter 109 of the Laws of 1893. Section 4553 of the General Statutes of 1889 providing that "no such property shall be sold for less than two-thirds of the value returned in the inquest" was left untouched in the General Statutes of 1909, section 6046. In *Armstead v. James,* 71 Kan. 142, 80 Pac. 56, this prohibition was said to have become obsolete (p. 145), and it was held that real estate sold on execution need not be appraised. This was followed in *Insurance Co. v. Carra,* 101 Kan. 352, 166 Pac. 233—an action to foreclose a mortgage—and in *Catlin v. Deering & Co.,* 102 Kan. 256, 170 Pac. 396, also a foreclosure case.

Counsel point out that the code of 1909 retains old section 4903 of the General Statutes of 1901, in the reënacted section (Gen. Stat. 1915, § 7355), forbidding land to be sold for

less than two-thirds of the value returned in the inquest; also, that the act of 1909, contains old section 4902 of the General Statutes of 1901, reënacted as section 6045, General Statutes of 1909, with the added clause that two disinterested appraisers must be called in to view and appraise the property to be sold and make their return thereon. (Gen. Stat. 1915, § 7354.)

But it must be borne in mind that these sections of the code of 1909, sections 450 and 451, refer only to "writs directing the sale of property previously taken in execution." Here no property was taken on execution. An order of sale under foreclosure was issued—two mortgages and a trust deed being involved. In *Norton v. Reardon,* 67 Kan. 302, 72 Pac. 861, the distinction between execution and judicial sales was clearly drawn. There the sale was of the latter kind, and we find no statute requiring appraisement except in execution sales. In *Lisle v. Cheney,* 36 Kan. 578, 13 Pac. 816, it was held that a judgment in a mortgage foreclosure is a lien on all the land of the debtor the same as any other judgment. It was said that a mortgage lien is created by act of the parties, while a judgment lien is the creature of positive law. This was followed in *Wildin v. Duckworth,* 83 Kan. 698, 112 Pac. 606, where it was held that the judgment creditor in foreclosure is entitled to a general execution, and also to an order of sale, or special execution, for the sale of the mortgaged property. It was said that the court has no power to direct what property shall be levied on under a general execution.

"The sale is made under the law. On the other hand, the foreclosure of the mortgage and the sale therein provided for is a judicial sale—a sale made by the court—and in the absence of a statute directing an execution to be issued therefor, as our statute provides, the court may order any person to make the sale and prescribe the manner of the sale." (p. 702.)

In *Carter v. Hyatt,* 76 Kan. 304, 91 Pac. 61, the distinction between an execution sale and a judicial sale is thus expressed, quoting Freeman on Void Judicial Sales:

" 'The former are based on a general judgment for so much money, the latter on an order to sell specific property; the former are conducted by an officer of the law in pursuance of the direction of a statute, the latter are made by the agent of a court . . .' " (p. 307.)

The statement in *Catlin v. Deering & Co.,* 102 Kan. 256, 170 Pac. 396, that the statute no longer requires an appraisement

where the land is sold on execution seems to have been made without the attention of the court being called to the sections of the code of 1909 already referred to. It was also said that the sale was based on a decree in foreclosure and also on an execution, and the execution is spoken of as void. Hence, the decision rested on the sale under the decree of foreclosure. The court in *Brewer v. Warner*, 105 Kan. 168, 182 Pac. 411, noted the same distinction, where it was said that in the case of sale under general execution the sheriff does not act as the agent of the court; the court has not specified the property or adjudicated the lien and has not otherwise been concerned with the course which the sheriff shall pursue. That a fore-closure sale is a judicial sale was decided in *Moore v. McPherson*, 106 Kan. 268, 187 Pac. 884.

"In most states the distinction has been consistently maintained between judicial sales and execution sales." (3 Words & Phrases, 2567.)

"A judicial sale has its very foundation in a decree or order of sale passed by a court of competent jurisdiction. It is the decree that supplies the authority upon which the officer to make the sale must act." (16 R. C. L. 25.)

"If, however, a sale is ordered by the court, is conducted by an officer appointed by, or subject to the control of the court, and requires the approval of the court before it can be treated as final, then it is clearly a judicial sale. . . . Execution sales are not judicial. They must, it is true, be supported by a judgment, decree or order. But the judgment is not for the sale of any specific property. It is only for the recovery of a designated sum of money." (Freeman on Void Judicial Sales, 4th ed., § 1.)

The sale under Mrs. James' trust deed being a judicial and not an execution sale, no appraisement was required. Her counsel say in their brief that the question presented by the record is whether or not the sale should be set aside for the reason that there was no appraisement of the property. This question must be answered in the negative, and the decree confirming the sale is affirmed.