No. 26,911.

MATTIE A. LEMEN et al., *Appellants*, v. THE KANSAS FLOUR MILLS COMPANY, *Appellee*.

SYLLABUS BY THE COURT.

EXECUTIONS — *Sale* — *Necessity for Appraisement* — *Statute Construed*. The clause requiring the appraisement of real estate before sale by the sheriff, added in 1909 to a section of the statute relating to writs issued directing the sale of property previously taken in execution, applies only to writs of the character therein described, and not to ordinary executions.

Appeal from Kiowa district court; LITTLETON M. DAY, judge. Opinion filed December 11, 1926. Affirmed.

*A. W. Hershberger*, of Wichita, *Frank Doster* and *J. E. Addington*, both of Topeka, for the appellants.

*T. A. Noftzger, George W. Cox, W. J. Masemore, R. L. NeSmith*, all of Wichita, and *O. G. Underwood*, of Greensburg, for the appellee.

The opinion of the court was delivered by

MASON, J.: The plaintiffs appeal from a judgment against them in an ejectment action. The defendant claimed title under a sheriff's deed executed May 29, 1923, upon a sale under a general execution issued October 6, 1921, on a judgment against the plaintiffs. The plaintiffs contend that the deed is void because the land was sold by the sheriff without an appraisement having been had. The plaintiffs assert, and the defendant denies, that appraisement was necessary.

---

Executions, 23 C. J. p. 459 n. 54. Statutes, 36 Cyc. p. 1143 n. 82.

Prior to 1893 the Kansas statutes contained this provision:

"If execution be levied upon lands and tenements, the officer levying such execution shall call an inquest of three disinterested householders, who shall be resident within the county where the lands taken in execution are situate, and administer to them an oath, impartially to appraise the property so levied on, upon actual views and such householders shall forthwith return to said officer, under their hands, an estimate of the real value of said property." (Gen. Stat. 1868, ch. 80, § 453.)

In the act of that year giving the owner of realty sold on execution a right to redeem it within eighteen months, the section quoted was repealed, as well as the two immediately following it, one relating to the waiver of appraisement and the other to the deposit of a copy with the clerk. (Laws 1893, ch. 109, § 28.) Several sections of the old law, however, containing references to an appraisement and seemingly recognizing the necessity of its being made, one of them providing that a sale should not be made for less than two-thirds of the appraised value (R. S. 60-3414), remained and still remain without express repeal or amendment. In that situation this court held that no appraisement was required, saying:

"The explicit repeal of the section of the statute providing for the appointment of appraisers (Gen. Stat. 1889, § 4550) showed an unmistakable purpose to do away with an appraisement as a part of the procedure in execution sales, notwithstanding the omission to eliminate references to the matter from other sections. The statute upon its face (Gen. Stat. 1901, § 4903) still forbids the sale of real estate upon execution for less than two-thirds of its appraised value, but it is recognized that such prohibition has become obsolete." (*Armstead v. Jones*, 71 Kan. 142, 145, 80 Pac. 56.)

The statute contains an express provision that if land levied on is not sold on one execution, other executions may be issued to sell it. (R. S. 60-3420.) At the time of the general revision of the code of civil procedure in 1909 a section authorizing the levy upon additional property, in case a writ should be issued directing the sale of property previously taken in execution, was amended by the addition of the words: "And [the sheriff] shall call in two disinterested householders, who shall be sworn and who shall view and appraise said real estate and make their return thereon." This amendment was not a part of the bill as originally introduced, but was added in the course of its consideration by the legislature. The section now reads:

"When any writ shall issue, directing the sale of property previously taken in execution, the officer issuing said writ shall, at the request of the person

entitled to the benefit thereof, his agent or attorney, add thereto a command to the officer to whom such writ shall be directed, that if the property remaining in his hands not sold shall, in his opinion, be insufficient to satisfy the judgment, he shall levy the same upon lands and tenements, goods and chattels, or either, as the law shall permit, being the property of the judgment debtor, sufficient to satisfy the debt, and shall call in two disinterested householders, who shall be sworn and who shall view and appraise said real estate and make their return thereon." (R. S. 60-3413.)

The plaintiffs contend that this change restored the requirement of appraisement in execution sales of real estate generally. The defendant asserts that it affected only sales made under the circumstances there stated—where a writ is issued directing the sale of property previously taken in execution, the officer being required to make a further levy if that already taken is in his opinion insufficient to satisfy the judgment. Obviously the addition does not in terms apply in any other situation than that referred to in the original section. If by interpretation it is to be given a different meaning it must be because of an extreme improbability that the change would have been made if it were intended to accomplish no more than it says. The case is one for the balancing of probabilities, for it seems highly likely that if the purpose were to restore the law as it had existed prior to 1893—to make the appraisement provision apply to all real estate sales on execution—the legislature would have said so explicitly, either by restoring the former section or by attaching the rider to a section relating to executions generally instead of to one having plainly to do with an exceptional situation. An appraisement has obviously such a special use to serve in connection with an execution of the kind referred to in the section to which the addition was made, as to render it quite conceivable the legislature thought it desirable with respect to such executions alone. An appraisement of property seized by the sheriff has other functions than to fix a minimum price at the sale, otherwise the statute would not require the appraisement of chattels and realty taken in attachment. (R. S. 60-909.) One such function is to aid the sheriff in determining how much property he ought to take so as, on the one hand, not unduly to harass the defendant, and on the other not to leave the plaintiff insecure. Where the sheriff has already made one levy on an execution, and a new writ is issued requiring him to sell the property already taken, and also to seize more if that is necessary to satisfy the judgment, there seems to be such a special reason for having an

appraisement as to warrant the assumption that the legislature intended the very amendment that was made.

In the plaintiffs' brief it is said in effect that to construe the statute in question literally "would be not only a futile but a hypocritical pretense of regard for the interest of unfortunate debtors." The legislature of 1893 obviously thought, and the conclusion seems entirely reasonable, that where the debtor is allowed eighteen months to redeem from an execution sale of realty on the basis of the amount bid, his interest no longer requires the fixing of an upset price. The lower the sale price, the easier it is to redeem. The buyer is not tempted to keep the price down, because in trying to drive too good a bargain he impairs his chance of retaining its benefits.

It is argued that the retention in the statute of the large number of references to an appraisement, all apparently assuming that one is to be made, shows a legislative purpose to that effect. That proposition was involved in *Armstead v. Jones,* supra, and the decision was against it. It is contended, however, that the reënactment of these sections in the revision of 1923, with the change already discussed, made in 1909, puts a different face on the matter and requires a holding to the contrary. This reënactment seems to us to show merely that the legislature saw no occasion for a change in the law as it stood, and we do not think it requires or justifies any different interpretation from that previously adopted.

In 1923 this addition was made to the section of the code giving the owner the right to redeem real estate from a sheriff's sale:

"*Provided,* That the right of redemption shall not apply to oil and gas leases, or oil and gas leasehold estates. In all sales of oil and gas leases under order of sale the property shall be appraised as in the case of sales of real estate on execution, and no such property shall be sold for less than two-thirds of the appraised value thereof." (R. S. 60-3439.)

If this were to be treated as a definite interpretation of the existing statute, as requiring appraisement in such a case as the present, it could have no retroactive operation (*State v. Shawnee County,* 83 Kan. 199, 110 Pac. 92; *White v. Kansas City,* 102 Kan. 495 499, 170 Pac. 809; 36 Cyc. 1143; 25 R. C. L. 1047), and the sale with which we are here concerned was made under an execution issued in 1921. But we think it was not intended as an interpretation of the existing law and does not operate as such. We regard the reference to appraisement as having no purpose or effect further than to require

appraisement in sheriff's sales of oil and gas leases, a policy apparently founded upon the consideration that redemption from such sales is denied.

In two cases arising after 1909 it was said upon authority of the decision in *Armstead v. Jones,* supra, that appraisement prior to a sheriff's sale was no longer necessary (*Insurance Co. v. Carra,* 101 Kan. 352, 166 Pac. 233; *Catlin v. Deering & Co.,* 102 Kan. 256, 170 Pac. 396), but in neither was the effect of the new portion of the section here invoked (R. S. 60-3413), discussed or passed upon, and they of course have no bearing on its interpretation. In *Bank v. Barons,* 109 Kan. 493, 200 Pac. 297, that part of the statute was invoked but was held inapplicable on the ground that its operation extended no further than to executions and not to an order of sale on the foreclosure of a lien. Whether it extends to all general executions or only to those to which it is in terms made applicable was not involved and was not determined.

The conclusion we have reached makes it unnecessary to consider other questions which have been argued, including one concerning a claim that appraisement has been waived.

The judgment is affirmed.