GEORGE A. CASE v. THE CHEROKEE LANYON SPELTER COMPANY et al.

No. 11,633. (61 Pac. 406.)

JUDICIAL SALE—Redemption—Rights of Lien-holders. By the provisions of section 23 of the act of 1893, providing for the sale of real estate upon execution or other like process (Laws 1893, ch. 109; Gen. Stat. 1897, ch. 95, art. 22; Gen. Stat. 1899, § 4742, et seq.), land once sold upon such process cannot again be sold in satisfaction of any inferior judgment or lien under which the holder of such lien was allowed a right of redemption contingent upon the non-exercise of the same right by the preferred classes of persons therein mentioned, but whose contingent right did not accrue to him on account of the exercise of the superior right by one of the preferred classes.

Error from Crawford district court; W. L. SIMONS, judge. Opinion filed June 9, 1900. Affirmed.

S. E. Cheeseman, J. R. Sapp, and B. S. Gaitskill, for plaintiff in error.

Morris Cliggitt, for defendants in error.

The opinion of the court was delivered by

DOSTER, C. J.: This is a proceeding in error from an order refusing to confirm a sale of real estate and from an order sustaining a motion to set aside the

sale, and it involves a consideration of some of the provisions of the act of 1893 providing for the redemption of real estate from execution or judicial sale. (Gen. Stat. 1897, ch. 95, art. 22; Gen. Stat. 1899, § 4742, *et seq.*)

In 1895 the Long Bell Lumber Company recovered a judgment against the Cherokee Mining and Smelting Company. Subsequently it caused the issuance of sale process and the sale of certain real estate belonging to the judgment debtor. At this sale one Edward E. Wells became the purchaser. Soon thereafter the sale was confirmed and the sheriff directed to issue a certificate of purchase in accordance with the act of 1893. Soon after this sale and confirmation the plaintiff in error, George A. Case, recovered a judgment against the Cherokee Mining and Smelting Company, and soon after that time the company named assigned its right of redemption of the land sold under the Long Bell Lumber Company's judgment to one Rollin Steward, and also executed to him a warranty deed therefor. Shortly before the expiration of one year from the time of the before-mentioned sale to Wells in the suit of the Long Bell Lumber Company against the Cherokee Mining and Smelting Company, Rollin Steward, as owner of the right of redemption, redeemed the land from the sale, and soon thereafter he executed a conveyance of such land to the defendant in error herein, The Cherokee Lanyon Spelter Company. Subsequently the plaintiff in error herein, George A. Case, caused an execution to issue on his judgment against the Cherokee Mining and Smelting Company, and caused another sale of the land which had been sold under the previous judgment of the Long Bell Lumber Company, and from which first sale Steward, as stated, had made redemption. At the sale thus

procured by Case he became the purchaser of the land. The Cherokee Lanyon Spelter Company, the owner of the conveyance from Steward, moved to set aside the sale to Case, while he in turn moved to confirm it. The motion to set aside was sustained; the motion to confirm denied. From these orders Case has prosecuted error to this court.

The plaintiff in error was a subsequent judgment creditor of the Cherokee Mining and Smelting Company Under the provisions of the redemption act, a judgment debtor, or his assignee of the right of redemption, is given a preferred right within the first twelve months after the sale to redeem. For the next three months creditors in the order of priority of their liens are allowed the right of redemption. The main proposition of counsel for plaintiff in error is that a purchaser at an execution or judicial sale has, during the period allowed for redemption, only a lien upon the land for the repayment of the purchase-money, and that in this case the redemption of the land by Steward, the assignee of the judgment debtor, from the sale under the prior judgment of the Long Bell Lumber Company, made, as it was, prior to the time when the right of his client to redeem accrued, and which thereby prevented his client's right of redemption, was a simple discharge of the prior purchase-money lien, and left the land subject to the subsequent judgment lien; in other words, that it was a discharge of a lien and not a redemption of land. This is not his language, but it is the point his argument would establish.

The assertion of the claim thus made is preceded by some subsidiary propositions, such as that the redemption act is to be strictly construed, and the rights claimed under it are to be strictly pursued; that the object of the redemption law is to apply the debtor's

lands as far as possible to the payment of his debts; that statutory redemption rights are not conferred for the benefit of the prior sale creditor, but for the benefit of the debtor and junior encumbrancers; that the right of Rollin Steward, as assignee of the Cherokee Mining and Smelting Company's right of redemption, became merged in the conveyance of the legal title made to him by such company, etc.

A right to redeem from a sale of real estate is purely statutory. It does not exist at common law. Courts of equity, in justifiable cases, may grant in their decrees of sale something akin to the right, but the power thus exercised is apart from the one conferred by the statute under consideration. In the case before us the statute, after authorizing sales of real estate upon legal process, confers upon certain interested classes of persons a right of redemption from the sale, and it also points out the mode and time of the exercise of the right, and in addition thereto declares the effect to follow the sale and the allowance of the right. In this last particular it is unlike the statutes of other states upon which the decisions cited by counsel for plaintiff in error are based. It is altogether likely that, in the case of a statute which merely authorizes the sale of real estate, and merely gives a right of redemption from the sale without prescribing the effect of the sale and the allowance of the right, the consequence of the exercise of the right would only be to free the land from the prior judgment or other lien upon which it was sold, and thus give place to subsequent liens; but if the statute which authorizes the sale and gives the redemption right likewise declares the effect of the sale and allowance of the right, that effect, and it alone, may be allowed. Our statute— section 23 of the originally published act—reads as

follows (Gen. Stat. 1897, ch. 95, § 542; Gen. Stat. 1899, § 4764) :

"Real estate once sold upon order of sale, special execution or general execution shall not again be liable for sale for any balance due upon the judgment or decree under which the same is sold, or any judgment or lien inferior thereto, under which the holder of such lien had a right to redeem within the fifteen months hereinbefore provided for."

It thus appears that real estate once sold shall not again be sold for the satisfaction of inferior liens. This statute is not only positive, but it is plain down to the concluding clause.   The land shall not again be sold for the satisfaction of inferior liens "under which the holder of such lien had a right to redeem within the fifteen months hereinbefore provided for."

It will be remembered that within the twelve months allowed by the statute to execution debtors and their assignees of the right of redemption, Steward, the assignee of the Cherokee Mining and Smelting Company, redeemed the land from the sale.   This exercise of the right of redemption by Steward prevented Case, the plaintiff in error, from exercising his like right as a subsequent lien-holder.   Before the time for the exercise of his right had accrued redemption had been effected by the one to whom the preferred right had been given.   From this, counsel for plaintiff in error argue that their client did not have a right to redeem, and, therefore, by the concluding clause of section 23, was not excluded from the right to procure a resale of the land for the satisfaction of his judgment. In this, counsel are mistaken.   What is meant by the right to redeem is the right in the contingency and under the conditions allowed by the act.   The phrase "right to redeem" is not synonymous with "oppor-

tunity to redeem." The plaintiff in error had the right to redeem contingent upon the failure of a preferred class of persons to redeem. The exercise of that preferred right defeated the right of plaintiff in error, but it did not destroy his contingent right as allowed by law. The language of section 23 of the redemption act, "judgment or lien inferior thereto, and under which the holder of such lien had a right to redeem within the fifteen months hereinbefore provided for," was doubtless used to distinguish between liens of such grade and those still more inferior which might become inchoate upon the land within the final three months allowed to the judgment debtor for redemption by him.

Suppose a judgment against the debtor should be rendered within the final three months mentioned, or suppose the debtor within that time should give a mortgage upon the land, and before the expiration of the final limit should himself redeem from the sale, neither this judgment creditor nor this mortgagee would have a right of redemption, but they would have a lien which should be discharged. Their right to a sale of the land in satisfaction of their liens should be preserved, and it is preserved by the section of the act quoted. This act excludes a resale by creditors who had a right of redemption within the prescribed time, though they may not have acquired the opportunity to exercise it, but it does not restrict the right of resale by creditors who had no right of redemption at all.

As before stated, the cases cited by counsel for plaintiff in error are cases in which the effect of a sale and the allowance of a redemption right were not prescribed by statute. Where such effect is not thus prescribed, it may be that upon common-law principles

a redemption, so called, from sale either by the judgment debtor or his assignee should be given no other effect than the payment of a lien.   It was so ruled in *Curtis v. Millard & Co.*, 14 Iowa, 128, 81 Am. Dec. 460. In that case it was held : "The failure of a subsequent judgment creditor to redeem the land of the debtor from sale under a former judgment does not render his judgment lien inoperative against the debtor or his grantee, in the event neither should redeem within the time allowed by law."   The sale was had in that case under the provisions of the Iowa statute providing for the sale and redemption of real estate. (Code, Iowa [1851] , § 1924, *et seq.*)   That statute, however, did not contain any provision similar to section 23 of our redemption act, nor did it contain any provision declaring the effect of a redemption upon the rights of subsequent lien-holders.

Our conclusion is that the orders of the court below refusing to confirm the sale and ruling that the sale should be set aside were correct and should be affirmed.   They are affirmed.