Mulcahy v. City of Moline.

---

No. 21,079.

CATHERINE MULCAHY, *Appellee*, v. THE CITY OF MOLINE, *Appellant*.

OPINION ON REHEARING.

SYLLABUS BY THE COURT.

TERM OF COURT—*Adjournment by Sheriff*. Where a court record shows that an adjournment of court *sine die* was announced by the sheriff and recorded by the clerk, there is a presumption that the announcement was made pursuant to an order of the court, and the personal presence of the judge in the court room was not required to give such order validity.

Appeal from Elk district court; ALLISON T. AYRES, judge. Opinion on rehearing filed March 9, 1918. Reversed. (For original opinion of affirmance see 101 Kan. 532.)

*W. A. Elston,* city attorney, and *Chester Stevens,* of Independence, for the appellant.

*W. P. Hackney, L. D. Moore, A. M. Jackson, A. L. Noble,* all of Winfield, and *Ed. J. Fleming,* of Arkansas City, for the appellee.

The opinion of the court was delivered by

DAWSON, J.: This is a rehearing. The case was fully stated in our first opinion (*Mulcahy v. City of Moline,* 101 Kan. 532). It was there held that, in the absence of a positive showing that the May term of the district court had adjourned prior to the time the motion to set aside the order of dismissal and to grant time to file an amended petition was allowed, a presumption that court had not adjourned would be indulged, and that the defendant city should answer, but that in such answer it might plead the facts touching the adjournment.

The city now asks leave to supply the following record:

"ADJOURNMENT OF MAY, 1916, TERM.

In the district court of Elk county, Kansas.
County of Elk, state of Kansas, ss.
Now on this 2nd day of September, A. D. 1916, all cases of the May, 1916, term of this court having been called to the judicial notice of Honorable A. T. Ayres, judge of this court:
Court was adjourned by J. K. Munsinger, sheriff, sine-die.
J. K. Munsinger, sheriff, and W. B. Russell, clerk, being present.
W. B. RUSSELL, *Clerk.*"

Appellee contends that this adjournment is void, for the reason that the sheriff had no power to adjourn court, as his authority to do so is limited to that conferred by the statute:

"If the judge of a court fail to attend at the time and place appointed for holding his court, the sheriff shall have power to adjourn the court from day to day, until the judge attend or a judge *pro tem.* be selected; but if the judge be not present in his court, nor a judge *pro tem.* be selected, within two days after the first day of the term, then the court shall stand adjourned for the term. The sheriff shall exercise the powers and duties conferred and imposed upon him by other provisions of this code, by other statutes, and by the common law." (Gen. Stat. 1915, § 7676.)

It is clear that the adjournment recorded was not made under any of the circumstances covered by the statute just quoted, and that the sheriff was not undertaking to act under

any authority supposed to be thereby conferred on him. It is the view of this court, that the words "court was adjourned by J. K. Munsinger, sheriff, *sine die*," were meant to express the idea, not that the sheriff assumed to decide that the court should be adjourned and to make an order accordingly, but that he announced an adjournment presumably directed by the proper authority—that he promulgated the order at the direction of the judge. It is common for a judge to say to a bailiff, "Adjourn court until [for instance] tomorrow morning," and the record in such case might show that the direction was obeyed. Colloquially the bailiff is spoken of in such a case as adjourning the court, but all understand that what is really done is that the court, acting through the judge, decides and orders, and therefore makes, the adjournment, and the bailiff merely gives publicity to the fiat. The recital of the record above quoted, that the sheriff and clerk were present, may imply that the judge was not in the court room when the proclamation was made, but it does not necessarily indicate that he had not been in the court room when the direction was given, and it does not even suggest that he was not then in the court house—much less that he was absent from the county. It is not essential that the judge shall be present in person in the court room when an order is made. This court makes many orders outside of the court room, which are communicated to the clerk by telephone and by him entered upon the record. In a recent murder case the greater part of the trial was had outside of the court room. (*The State v. Sweet*, 101 Kan. 746, 168 Pac. 1112.) The recital of the record, that all the cases of the term had been called to the judicial notice of the judge, seems substantially equivalent to a statement that the business of the term was ended—the record of a finding to that effect, which is to be attributed to the judge rather than to an executive or ministerial officer. This court interprets the entry as meaning that the judge properly ordered the adjournment, and the sheriff announced it—an interpretation which finds added support in the fact that the record has been permitted to remain unchanged. If it related to the unauthorized act of the sheriff, the presumption would seem to be that it would have been expunged. The court sees no conflict between this decision and that

rendered in *In re Terrill, Petitioner,* 52 Kan. 29, 34 Pac. 457. What was decided there was that the clerk cannot (without statutory authority) adjourn the court. When the order there involved was attempted to be made, the judge seems not to have arrived in the county; there was nothing in the record to suggest that the clerk acted otherwise than upon his own motion, and no suggestion to that effect appears to have been made.

It follows that our former judgment of affirmance should be set aside, and the judgment of the district court will now be reversed with instructions to set aside its order reinstating the cause, and with further instructions that the cause be dismissed.

DAWSON, J. (dissenting): In the case of *In re Terrill,* supra, it was said:

"The opening, holding and adjournment of court are the exercise of judicial power, to be performed by the court. To perform the functions of a court, the presence of the officers constituting the court is necessary, and they must be present at the time and place appointed by law." (p. 31.)

(See, also, *The State, ex rel. Barber, v. McBain,* 102 Wis. 431.)

It was conceded in the oral argument that the judge was not in the court room at the time court was adjourned, and some doubt was expressed as to whether he was even in the county.

I think we should adhere to the old rule that the personal presence of the judge is requisite to a valid adjournment of court, except under the circumstances expressly covered by the statute.

JOHNSTON, C. J., and MARSHALL, J., join in the dissent.