No. 22,222.

JOSEPH SIGLER, *Appellee,* v. J. W. PHARES et al., *Appellants.*

### SYLLABUS BY THE COURT.

1. MORTGAGE FORECLOSURE — *Second Mortgagee a Party — Sale under First Mortgage — Confirmation — Second Mortgagee's Right of Redemption.* The holder of a first mortgage on a tract of land brought an action to foreclose it. A second mortgagee who was made a party asked the foreclosure of his lien as well. The owner of the fee pleaded that the second mortgage had been paid. The trial of this issue was postponed to a later term of court; and, before it was had, judgment was rendered in favor of the first mortgagee, the land was sold thereon and bid in by him for the amount of his lien, and the sale was confirmed. Four months after the sale a judgment was rendered in favor of the second mortgagee, declaring that he held a second lien and was entitled to all the rights and benefits of the redemption laws with respect to the sale under the first lien. Eleven months after the sale the owner of the fee made a redemption therefrom. Two months later the second mortgagee attempted to redeem by paying the amount of the bid, with interest and costs, to the clerk. *Held,* that such attempted redemption was ineffectual, inasmuch as the exercise of the owner's exclusive right to redeem within twelve months of the sale vested in him a title freed from all claims of the second mortgagee.

2. SAME—*Right to Redeem — "Defendant Owner" — Statute Construed.* One to whom land has been conveyed subject to a mortgage, and who is made a party in an action to foreclose it, is the person referred to by the statute giving an exclusive right of redemtion for twelve months to the "defendant owner."

3. SAME—*No Equitable Grounds for Disturbing Judgment.* The circumstances presented are held not to justify an interference upon equitable grounds with the ordinary operation of the redemption law.

Appeal from Trego district court; JACOB C. RUPPENTHAL, judge. Opinion filed June 7, 1919. Reversed.

*Herman Long,* of Wa Keeney, for the appellants.

*David Ritchie,* of Salina, and *S. M. Hutzel,* of Wa Keeney, for the appellee.

The opinion of the court was delivered by

MASON, J.: In 1909 Lou A. Sigler, the owner of a tract of land, executed a first mortgage upon it for $1,600 to T. M. Patterson, and a second mortgage for $800 to Joseph Sigler, his wife joining in the execution of the mortgages and the notes which they secured. In 1913 Lou A. Sigler was adjudged a bankrupt and his trustee conveyed the land, subject to all liens and incumbrances, to J. W. Phares, for $25. In December, 1914, Patterson brought an action to foreclose his mortgage, Phares and Joseph Sigler, the second mortgagee, being among the defendants. The mortgagors were also named as parties, but were served only by publication and did not appear. Joseph Sigler filed a cross petition asking the foreclosure of his mortgage, and Phares answered alleging that it had been paid. On March 2, 1915, a judgment was rendered in favor of the first mortgagee, Patterson, the trial of the issue between the second mortgagee and the owner being postponed until the September term of court. In May, 1915, an order of sale was issued on the judgment already rendered, and the land was sold to Patterson for substantially the amount of his lien, confirmation being made the same month. In September, 1915, Joseph Sigler obtained a judgment finding that he had a second lien on the land for the amount of his claim, and adjudging that he was entitled to redeem from the sale under the first mortgage. In April, 1916, Phares redeemed the land by paying the amount of the bid, with interest. In the following June Joseph Sigler deposited with the clerk of the court a like amount, with the additional interest, for the purpose of effecting a redemption in his own behalf. In December, 1917, he brought the present action, asking that the land be sold to pay his lien, and for such other relief as might be deemed just. Judgment was rendered in his favor, declaring that his attempt to redeem was effective, and ordering the sheriff to make him a deed. Phares appeals, other defendants joining with him.

The decision of the case depends largely upon the interpretation of the judgment rendered in the former action. The

portion of the record thereof material for present purposes reads as follows:

"And thereupon this cause is tried to the court—and the court, after hearing the evidence, finds . . . that the allegations and averments of the answer and cross-petition herein are true. That there is due from the defendants Lou A. Sigler and Lillie B. Sigler his wife to the defendant Joseph Sigler the sum of one thousand two hundred and seventy-four dollars and thirty-four cents ($1,274.34) on the note and mortgage sued on in the cross petition herein, that said note specifies, that said indebtedness shall bear and draw interest at the rate of eight (8) per cent per annum from its date until paid. The court further finds that the lien claim and judgment of the said Joseph Sigler is a second lien on the land and tenements described in his cross petition and set forth in the petition of the plaintiff. . . . It is therefore considered, ordered and adjudged by the court, that the said defendant Joseph Sigler do have and recover of and from the said defendants *in rem* the said sum of one thousand two hundred and seventy-four and $^{34}/_{100}$ dollars, the amount so as aforesaid found to be due, to said defendant. That said judgment for $1,274.34 draw and bear interest at the rate of eight (8) per cent per annum from this date until paid and upon request of the said Joseph Sigler execution issue; that the said defendant Joseph Sigler is a judgment creditor of the said defendants Lou A. Sigler and Lillie B. Sigler, and entitled to all the rights and benefits of the redemption laws of the state of Kansas, from the sale of the said real estate under the mortgage lien of the plaintiff herein, T. M. Patterson."

We regard this record merely as a statement that the court had decided the issue of fact between Joseph Sigler and Phares —as to whether the second mortgage had been paid—in favor of Sigler, and in addition thereto a recital of the legal consequences resulting from such decision—the announcement of a decree carrying into effect the rights that attached to the ownership of the mortgage, now that it was found not to have been extinguished by payment. Inasmuch as personal service had not been made upon the mortgagors, and they had not appeared in the action, the judgment did not run against them personally, and Joseph Sigler's only lien was in virtue of his mortgage, although we do not see that the result would be any different if the fact were otherwise. The language in which the judgment is couched shows no purpose to create a lien; it indicates rather that the lien created by the mortgage is found to be still in existence. This seems the reasonable construction, although there is a sense in which all preëxisting liens may be said to have been extinguished by the sale and confirmation, and in which by a somewhat literal reading the declaration that

Joseph Sigler's claim still constitutes a lien might be thought to imply that new life had been given it. That such was not the meaning intended is obvious from the fact that the lien is described as a second one, implying to the same extent the continued existence of the first. The same verbal difficulty (if it be regarded as such) appears in the statute, which allows redemption to be made by a creditor whose claim becomes a lien prior to the expiration of fifteen months from the day of sale (Gen. Stat. 1915, §§ 7381, 7382), although a creditor by putting his claim in judgment after the sale can hardly in strictness be said to acquire a lien on the land, in view of the fact that "the right of redemption shall not be subject to levy or sale on execution" (Gen Stat. 1915, § 7396)—a provision not found in the Iowa statute, from which our own is taken. Yet a judgment obtained after the sale, which gives a lien upon the real estate of the debtor owner, is held by this court to confer a right to redeem. (*Case v. Lanyon,* 62 Kan. 69, 61 Pac. 406; *Gille v. Enright,* 73 Kan. 245, 84 Pac. 992.) And such is the practice elsewhere. (See *Falbe v. Caves,* 151 Wis. 54; *Brown v. Markley,* 58 Ia. 689.)

The clause of the judgment providing that Joseph Sigler should be "entitled to all the rights and benefits of the redemption laws of the state of Kansas, from the sale of the said real estate under the mortgage lien of the plaintiff herein, T. M. Patterson," means, as we interpret it, that Sigler's rights of redemption are those defined by the statute. No purpose is shown to treat the case as exceptional and to allow him other rights than such as under the general law flow from the fact that he has been found to be the owner of a valid second mortgage. By virtue of such ownership he was entitled to redeem, but this right was held by him in subordination to the exclusive right lodged by the statute in the owner of the fee, provided redemption should be made within twelve months after the sale. (Gen. Stat. 1915, § 7381.) If the owner had failed to act within that period, Joseph Sigler could have redeemed by paying the selling price, with interest and costs, thereby adding the amount of his claim (or so much thereof as he should see fit to release) to the sum which any one else would have been required to pay in order to redeem from him. (Gen. Stat. 1915, § 7391.)

This interpretation of the judgment and statute results in the second mortgagee being placed at this disadvantage—in order fully to protect himself against the loss of the fruits of his lien he was required to make a bid at the sheriff's sale (or see that one was made) larger than the amount of the first mortgage debt, at a time when the existence of his own claim was contested and when possibly he might not have been sure that it would be upheld. He was entitled to have his claim adjudicated before the sale, if this could be done without prejudice to other interests. (*Hines v. Kays,* 93 Kan. 209, 144 Pac. 240.) That result could have been accomplished by an order of the court postponing the sale until the decision of the question whether the mortgage had been paid, but such a postponement might have worked an injustice to the first mortgagee. (*Lynn v. McCue,* 96 Kan. 114, 116, 150 Pac. 523.) Except for the disadvantage referred to, which appears to be a necessary consequence of the statute, and to be in accordance with the general statutory purpose of protecting primarily the interests of the owner whose land is sold on execution or order of sale, the second mortgagee was left in just as favorable a situation as though his lien had been confirmed as a part of the original judgment foreclosing the first mortgage. By exercising his exclusive right to redeem within twelve months after the sale, the owner obtained a title freed from the claim of the second mortgagee, by virtue of the provision of the statute that, "Real estate once sold upon order of sale, special execution or general execution shall not again be liable for sale for any balance due upon the judgment or decree under which the same is sold, or any judgment or lien inferior thereto, and under which the holder of such lien had a right to redeem within the fifteen months hereinbefore provided for." (Gen. Stat. 1915, § 7401.)

2. In behalf of the second mortgagee it is contended that Phares, claiming only under a deed made subject to the existing mortgages, could not obtain full title without paying them off, and was not the "defendant owner" within the meaning of that term as used in the statute giving the person so described the exclusive right to redeem within twelve months after the sale. It is argued that the word "defendant" in this connection applies only to one who is making a defense

against an obligation he was required to perform, or to protect his property against a claim made in an action at law, as distinguished from an equitable proceeding. We think it clear that Phares, although taking the land subject to the mortgages (as the original owner held it after their execution) was the person to whom in this case the phrase "defendant owner" refers; moreover, he could have exercised the same rights as the holder of the legal title. (Gen. Stat. 1915, § 7397.)

3. Under exceptional circumstances, upon equitable considerations the right of redemption has sometimes been extended somewhat beyond the bare letter of the statute. We do not regard the situation here presented as of such a character as to justify judicial interference with the ordinary operation of the law. The sale was legally made, and the statute gives the owner of the fee the right to redeem by paying the amount of the bid. The exercise of that right cut off the remedy of the second mortgagee against the land. His loss results from the property having brought at the sale no more than the amount of the first lien.

A reversal is ordered, and the cause is remanded with directions to render judgment against the second mortgagee.

DAWSON, J., not sitting.