Nos. 22,378, and 22,379, consolidated.

No. 22,378.

DIDO C. MOORE, *Appellee,* v. ABNER B. MCPHERSON, and NARCISSA MCPHERSON, *Appellants,* THE UNION STATE BANK, *Appellee,* et al.

No. 22,379.

THE UNION STATE BANK, *Appellee,* v. ABNER B. MCPHERSON and NARCISSA MCPHERSON, *Appellants,* et al.

SYLLABUS BY THE COURT.

1. MORTGAGE FORECLOSURE—*Sale—Confirmation—Finality of Judgment of Confirmation.*   When a mortgage on real property is foreclosed, and the property sold, and the sale confirmed, such confirmation cannot be vacated nor the sale set aside after the term at which the judgment of confirmation was rendered, except in accordance with the civil code.

2. SAME—*Sale—Rights of Second Mortgagee.*   Under section 497 of the civil code there can be but one foreclosure sale of mortgaged property, no matter how many mortgages encumber that property; and the only

Moore v. McPherson.

way that a junior mortgagee who has been impleaded can protect his interest is by seeing to it that the property, when sold, brings somewhere near what it is worth, or enough to satisfy his second lien. (*Sigler v. Phares,* 105 Kan. 116, 181 Pac. 628.)

3. SAME—*No Conflict between Positive Law and Equity.* Equitable considerations do not clash with positive law, nor can they be invoked to unsettle established legal principles.

4. SAME—*Judgment of Confirmation Final at End of Term.* A court has no discretionary control over a judgment after the end of the term of court at which the judgment is rendered.

5. SAME—*Sale of Mortgaged Property a Judicial Sale.* In a mortgage foreclosure, the sale of the mortgaged property is a judicial sale, and the confirmation is a final and binding judgment of the court.

Appeal from Cowley district court; OLIVER P. FULLER, judge. Opinion filed February 7, 1920. Reversed.

*W. L. Cunningham,* of Arkansas City, for the appellants.

*Albert Faulconer, C. L. Swarts, Kirke W. Dale,* and *Robert M. Yates,* all of Arkansas City, for the appellee.

The opinion of the court was delivered by

DAWSON, J.: This appeal relates to the predicament of a junior mortgagee where the mortgaged property was sold in foreclosure for a sum merely sufficient to satisfy the judgment of the senior mortgagee, and where the junior mortgagee was the purchaser at the foreclosure sale.

Abner B. McPherson and wife owned some town lots in Arkansas City, and mortgaged them to Dido C. Moore to secure an indebtedness of $1,500. Some time later McPherson and wife gave a second mortgage on this property to the Union State Bank of Arkansas City to secure a loan (or credit) of $5,000. Dido C. Moore instituted this action to foreclose her mortgage, alleging default by the mortgagors. The Union State Bank was impleaded. Meantime McPherson had become a bankrupt, and the federal trustee of his estate was also joined, but he made no appearance. The Union State Bank answered and filed a cross petition, setting up its junior mortgage and praying for its foreclosure. The defendants, McPherson and wife, admitted the execution of the note and mortgage to Dido C. Moore, and on September 18, 1916, judgment was rendered in her favor for $1,618.69, foreclosure was

decreed, and order of sale authorized.  On October 12, 1916, the order of sale issued, the sheriff sold the property on November 20, 1916, to the Union State Bank for $1,760, a sum which merely paid the Dido C. Moore judgment and costs. The sale to the Union State Bank was confirmed on December 21, 1916, and all the defendants were barred of all claim to the property, subject only to the McPhersons' right of redemption within eighteen months from the date of the sheriff's sale.

The answer and cross petition of the Union State Bank was filed on August 18, 1916, and McPhersons' answer thereto, filed November 16, 1916, joined issues with the bank, alleging that the property involved was their homestead; that bankruptcy proceedings were then pending against Abner McPherson; that if Mrs. McPherson ever signed the note and mortgage of the cross petitioner it was as security; that there had been extensions of time given to her husband to which she had never consented, etc.  The Union State Bank filed an amended cross petition on March 10, 1917, to which each of the defendants answered, in part, as follows:

"Further answering this defendant says that the defendant, The Union State Bank, should not be permitted to further prosecute in said action to foreclose the pretended mortgage set out in its amended answer and cross petition upon Lots Twenty-five (25) and Twenty-six (26), in Block Forty (40), Arkansas City, Cowley County, Kansas, for the reason that prior hereto and on the ———— day of November, 1916, in the above entitled action, the above described lots were sold under an order of sale issued out of this court in the above entitled action, under a mortgage foreclosure in said action, which was prior and superior to the mortgage of the defendant, The Union State Bank, and to which the pretended mortgagee, The Union State Bank, was junior and inferior, and that said sale was thereafter, and on the ———— day of December, 1916, duly approved and confirmed by an order of this court entered in the above entitled action, and that by reason thereof said lots cannot be again sold on any order or judgment inferior to the lien of the plaintiff in this action."

On April 28, 1917, the issues raised between the Union State Bank and the McPhersons were tried by the court, and the cause was submitted and taken under advisement.

About this time the Union State Bank filed an independent action against the McPhersons, reciting all the pertinent facts and the history of the case instituted by Dido C. Moore, which

Moore v. McPherson.

we have narrated above, and alleged that the bank had no actual notice of the rendition of the judgment in favor of Dido C. Moore; that R. J. Grover, vice president of the bank, attended the sheriff's sale for the purpose of making such a bid as would protect the bank; that Dido C. Moore's attorney was the only other bidder present; and that when Moore's attorney had made a bid of about the amount of Moore's lien he, the vice president of the bank, bid the sum of $1,760, which the sheriff accepted.    The petition alleged—

"That at the time said Grover, in the interests of the plaintiff, attended and bid at such sale, the issues of fact and law arising out of the pleadings in action No. 13,325 were still pending and undetermined, and have never yet been disposed of, but are still in dispute, and have been ever since between said parties, and that the said Grover, for said plaintiff bank, at the time of the sale as aforesaid, was in doubt and perplexity as to the legal rights of the bank in the premises, and that he made said bid solely and only for the purpose of protecting the interests of the bank in said mortgaged premises, and believing and apprehending that by making the bid which he made, he was so doing; that he did not know that said sale, under the circumstances, would have the effect of denying to the bank the right to enforce its said mortgage as against the property herein described, and that said Grover at said time had no intention of waiving for the plaintiff bank its rights under its said mortgage.  .  .  .

"The plaintiff further says that after said sale and before the plaintiff bank realized the mistake which had been made, said sale was confirmed by the order of said court, upon the 21st day of December, 1916.  .  .  .

"The plaintiff further says that the said property, at the time of such sale and now is reasonably and fairly worth the sum of Thirty-five Hundred Dollars.

"The plaintiff therefore tenders a bid for said property in the sum of at least Thirty-five Hundred Dollars, should the same be again resold.  .  .  .

"Wherefore the plaintiff prays that this court by an order duly made for the purpose, stay the further proceedings in said case Number 13325, entitled, Dido C. Moore, plaintiff v. Abner B. McPherson, et al., defendants, until the final disposition of this case, and that on the final hearing hereof that the plaintiff be awarded a lien upon the lands described in the mortgage to it heretofore mentioned for the sum made up by the amount due said plaintiff on account of its said mortgage, together with the sums accruing to it under its certificate of purchase, and that the court order and direct either that the sale heretofore made and the order of confirmation thereof shall be set aside and vacated, and the property re-advertised and resold for the amount of the plaintiff's lien herein prayed for, and that said sale be set aside on such terms and con-

ditions as the court shall deem equitable under all the circumstances, or, that the sale heretofore made be permitted to stand, and that before the defendants, McPherson, be permitted to redeem said property from said sale, they shall pay the plaintiff in addition to the amount due it on its said certificate of purchase, the sum of money accruing to it as aforesaid, and for such other and further relief as in equity and good conscience the plaintiff is entitled to."

When this novel petition was filed, the bank obtained an order staying all further proceedings in the case which had been taken under advisement. That is to say, the district court issued an order staying itself from proceeding to determine the only material matter left in that case to be decided, until the same thing between the same parties could be decided in an independent action which had that day been begun.

To this petition the McPhersons demurred, and later answered, setting up various defenses, including, of course, the history and status of the earlier action.

The cause was tried by the court. Statements of counsel for the bank, and evidence given by Grover, vice president of the bank, and of its attorney, were considered; and on October 14, 1918, judgment on both cases was pronounced. In the first case, the bank was given judgment for $5,000 on its cross petition, and foreclosure of the second mortgage on the property was decreed. In the second case, the decree, in part, recites:

"It is therefore considered, ordered, adjudged and decreed that the sale of the property described in plaintiff's petition made by the sheriff in Case No. 13325 on the 20th day of November, 1916, is hereby vacated, set aside and held for naught and that the plaintiff, the Union State Bank, be and it is hereby subrogated to all the rights of said Dido C. Moore under the judgment of the court in said case rendered and the said Union State Bank, a corporation, is hereby adjudged and decreed to have a lien upon the real estate described in plaintiff's petition for the sum of $1,760 the amount paid by said bank to the sheriff on the bid of said bank at the sheriff's sale heretofore described, and it is further considered, ordered and adjudged that the plaintiff herein, The Union State Bank, have and recover of and from the defendants McPhersons for the sum of $5,000 upon its judgment in its favor entered on the 14th day of October, 1918, in Case No. 13325, and the case is hereby declared to be a further lien upon the property described in plaintiff''s petition. . . .

"It is further considered, ordered, adjudged and decreed that all further proceedings to enforce said judgment in Case No. 13325 be and the same are hereby perpetually restrained and enjoined and that the plaintiff herein pay the costs of this action, excepting the costs incident to making the sale of the property under this decree."

The McPhersons appeal.

There was no peculiar efficacy attaching to the maneuver of instituting a separate lawsuit to bring the bank's predicament before the court for proper adjudication. Whatever relief the trial court could give, could have been given as readily (and perhaps more appropriately), in the first action as in the second, independent action.

But be that as it may, some insurmountable legal principles rendered it impossible to relieve the bank from its plight. The term at which the sale of the land was confirmed had expired ere this second action was begun. In that situation, the trial court had altogether lost control of that judgment of confirmation, except under the limited circumstances which are enumerated in section 596 of the civil code, and none of these is pertinent here, nor was that code provision invoked.

Furthermore, the judgment of Dido C. Moore, the order of sale which she secured, the sale to satisfy her judgment, and the confirmation of that sale, could not be disturbed without making her a party to the proceedings. Moreover, when Dido C. Moore brought her foreclosure suit against the McPhersons, she joined the second mortgagee, the Union State Bank, as a party, and the foreclosure sale and confirmation terminated the bank's second lien on the property. (Civ. Code, § 497.) The only way the bank could protect itself was by seeing to it that the property sold for some figure approximating what it was worth, or for enough to satisfy its second lien. (*Sigler v. Phares,* 105 Kan. 116, 120, 181 Pac. 628.)

All that appellant can urge against these controlling principles is a plea for equitable relief. But equity never flies in the face of positive law, nor is it invokable to unsettle thoroughly established legal principles. Cases like *Bank v. Murray,* 84 Kan. 524, 114 Pac. 847, cited by appellee, which recognize the power of the court to withhold confirmation and to set aside a sale as inequitable, are of no value in considering the power of the court to disturb a judgment of confirmation when the term of court in which that judgment was rendered has expired. It is settled law that after the term the court has no control over a judgment; it is then *res judicata,* subject only to the right of appeal and to the right of petition for a vacation of the judgment on any of

the particular grounds (and no others) specified in section 596 of the civil code. (*Martindale v. Battey,* 73 Kan. 92, 84 Pac. 527; *Fisher v. Odell Township,* 87 Kan. 687, 125 Pac. 61; *Welling v. Welling,* 100 Kan. 139, 163 Pac. 635; *Gooden v. Lewis,* 101 Kan. 482, 486, 167 Pac. 1133; *Mulcahy v. City of Moline,* 101 Kan. 533, Id. 102 Kan. 531, 171 Pac. 597; *The State v. Langmade,* 101 Kan. 814, 168 Pac. 847.)

In *Johnson v. Jones,* 58 Kan. 745, 51 Pac. 224, it was said:

"The question is presented whether the trial court could ignore the final judgment . . . and retry questions already adjudicated. Such a practice is not permissible. . . . The term of court at which the judgment was entered had passed. . . . During the term at which the judgment was rendered the court had power to vacate it, and, in its discretion, might have vacated the judgment for cause shown. If justice requires it and the parties are present the court has a wide and extended discretion in setting aside or modifying judgments, if it does so at the term at which the judgment is rendered. (*The State, ex rel., v. Sowders,* 42 Kan. 312.) After the term expires the judgment passes beyond its control, and can only be vacated or set aside in the methods provided by law." (p. 747.)

(See, also, *Capital Bank v. Huntoon,* 35 Kan. 577, 11 Pac. 369; *Anschutz v. Steinwand,* 97 Kan. 89, 154 Pac. 252.)

None of the reasons set forth in the bank's petition in the second, independent action to set aside the confirmation fell within the scope of the grounds for vacating the judgment of confirmation.

The sale of the property of the McPhersons was a judicial sale (*Norton v. Reardon,* 67 Kan. 302, 72 Pac. 861), and the confirmation was a final and binding judgment. (*Carter v. Hyatt,* 76 Kan. 304, 91 Pac. 61; *Knox v. Doty,* 81 Kan. 138, 105 Pac. 437; *Macy v. Cooper,* 101 Kan. 650, 654, 168 Pac. 874; *Catlin v. Deering & Co.,* 102 Kan. 256, 170 Pac. 396.)

It follows that the judgments of the district court must be reversed; and the causes are remanded with instructions that the defendants' demurrer to the petition in the second action be sustained and that action dismissed; and that the orders of the district court setting aside the sale and confirmation of the sale of appellant's property to satisfy the judgment of Dido C. Moore be set aside, and that the sale and confirmation thereof be reinstated.

It is so ordered.