State Bank v. Marty.

---

No. 26,635.
No. 26,938.

STATE BANK OF SHARON SPRINGS, *Appellee,* v. HOWARD MARTY and THE HARTFORD-CONNECTICUT TRUST COMPANY, as Executor of the Estate of MARY A. GRISWOLD, Deceased, et al., *Appellants.*

SYLLABUS BY THE COURT.

1. MORTGAGES—*Mortgageable Interest—Right of Redemption.* The statute providing that, "The rights of the defendant owner in relation to redemption may be assigned or transferred, and the purchaser or assignee thereof shall have the same right of redemption as the defendant owner" (R. S. 60-3455), is sufficiently comprehensive to include the mortgaging of a defendant owner's right of redemption.

2. SAME—*Estoppel to Deny Interest.* Where a defendant owner, after foreclosure sale, mortgaged all of his right, title and interest to the land in controversy, "To have and to hold the same, together with all and singular, the tenements, hereditaments and appurtenances thereunto belonging, or in any wise appertaining, forever," he will be estopped later from claiming that his mortgagee has no interest in the mortgaged property.

Mortgages, 41 C. J. p. 374 n. 68; 27 Cyc. pp. 1154 n. 98, 1804 n. 63; 19 R. C. L. 291, 641, 655.

48—121 KAN.

3. SAME—*After Acquired Interest—Redemption from Foreclosure.* And where, under the facts narrated in the opinion, a defendant owner, after foreclosure sale, mortgaged his interest in the property and later redeemed from the foreclosure sale, the interest acquired by such redemption inured to the benefit of his mortgagee, and subsequent mortgagees acquired no rights in excess of the rights of their mortgagor.

Appeal from Wallace district court; JACOB C. RUPPENTHAL, judge. Opinion filed November 6, 1926. Affirmed.

*B. W. Brooke,* of Winona, *E. A. Rea* and *E. C. Flood,* both of Hays, for the appellants.

*Guy L. Hursh,* of Topeka, for the appellee.

The opinion of the court was delivered by

HOPKINS, J.: This controversy involves the priority of mortgage liens. The facts summarized from the court's findings are substantially as follows:

On May 28, 1918, Charles F. Booth, the then fee owner, for a consideration of $3,680, conveyed a tract of land mentioned herein as the "Booth quarter," by warranty deed to the defendant Marty, who, on the same date, gave Booth a mortgage back for $1,840. Both the deed and mortgage were recorded May 29, 1918. On September 24, 1918, Marty gave the defendant Rule a mortgage of $1,400 on the same and other lands, which mortgage was recorded the same date. On June 1, 1920, Booth filed an action in Wallace county to foreclose his mortgage. Marty was the only defendant. Judgment was rendered June 23, 1920, and the "Booth quarter" sold October 6, 1920, at sheriff's sale to the plaintiff Booth for the full amount of his claim. The redemption period was fixed by the court at eighteen months. On March 3, 1921, Marty gave the defendant Madden a mortgage of $4,100 on the "Booth quarter," and other lands. On December 8, 1921, Marty gave the plaintiff bank a mortgage of $19,700.25 on the "Booth quarter" and other lands. These mortgages were all recorded within two or three days after they were given. No redemption was made or attempted at any time by either Rule, Madden or the bank, although their mortgages were recorded during all of the three months' period from the end of the twelfth to the end of the fifteenth month of the eighteen-months' redemption period fixed in the Booth foreclosure case, but on the last day of the eighteen-months' redemption Marty, the fee owner, made redemption of said "Booth

quarter" from the Booth foreclosure sale. Eleven days thereafter, April 17, 1922, Marty executed a mortgage to Mary A. Griswold on the "Booth quarter" for $3,000.

The present action was filed in April, 1924. Grace S. Waterman, Louise Blinn and Ethel Marean Stotts filed an answer claiming a first lien on this "Booth quarter" on the theory that they should be subrogated to the rights of Charles F. Booth under his foreclosure judgment and lien, for the reason that the money used by Marty in redeeming the "Booth quarter" from the Booth foreclosure sale was obtained by Marty from them through intentional and deliberate fraud.

The court concluded that the mortgage lien of neither Rule, Madden, nor the plaintiff, on the Booth quarter was extinguished by their failure to redeem from the sale under the Booth foreclosure, and that the mortgages of Rule, Madden and the bank, respectively, on the "Booth" quarter, are each and all valid and subsisting liens on said quarter, in the order of their priority, as they appear of record, and as hereinafter set forth; that the defendant Mary A. Griswold is not entitled to a first lien on said "Booth quarter" by reason of the failure of Rule, Madden and the bank, or any of them, to redeem the land as junior creditors; that the defendants, Grace S. Waterman, Louise Blinn and Ethel Marean Stotts, are not entitled to subrogation to the lien of said Charles F. Booth on said land.

"And it is therefore considered, ordered and adjudged by the court, that the defendants Rule, Madden and the plaintiff bank, and the defendant, Mary A. Griswold, each have valid and subsisting liens upon said 'Booth' quarter in the following order of priority, to wit: First lien, James T. Rule; second lien, W. J. Madden; third lien, State Bank of Sharon Springs; fourth lien, Mary A. Griswold."

The court ordered the sale of the land in question, along with the other lands involved in the action, for the payment of the several liens in the order of their priority, reserving until confirmation the matter of marshaling of assets.

Mary A. Griswold, Grace S. Waterman, Louise Blinn and Ethel Marean Stotts appealed. Mary A. Griswold has since died. The Hartford-Connecticut Trust Company has been substituted as executor of her estate. The record discloses the mortgages of Rule and Madden have been fully satisfied from the proceeds of the sale of lands, so that the controversy in this court is between the plaintiff

bank, which was given a third lien, the Hartford-Connecticut Trust Company, holding (in place of Mary A. Griswold) a fourth lien, and Grace Waterman and others who claim subrogation because of having furnished the money with which Marty redeemed from the Booth sale.

The defendants contend that the lien of the bank was excluded because, as junior lien holder, it failed to redeem from the Booth foreclosure sale. They rely on two provisions of the statute, viz.:

First:

"Any creditor whose claim becomes a lien prior to the expiration of the time allowed by law for the redemption of creditors, may redeem. A mortgagee may redeem upon the terms hereinafter prescribed before or after the debt secured by the mortgage falls due." (R. S. 60-3441.)

Second:

"Real estate once sold upon order of sale, special execution or general execution shall not again be liable for sale for any balance due upon the judgment or decree under which the same is sold, or any judgment or lien inferior thereto, and under which the holder of such lien had a right to redeem within the fifteen months hereinbefore provided for." (R. S. 60-3460.)

The defendants argue that, under these sections of the redemption law, land once sold on execution at judicial sale cannot be again sold in satisfaction of an inferior judgment or lien under which the holder of such lien had a right of redemption upon nonexercise of the same right by the preferred classes mentioned in the statute. They cite and rely upon *Case v. Lanyon,* 62 Kan. 69, 61 Pac. 406; *Gille v. Enright,* 73 Kan. 245, 84 Pac. 996; *Sigler v. Phares,* 105 Kan. 116, 181 Pac. 628; *Moore v. McPherson,* 106 Kan. 268, 187 Pac. 884, and *Johnston v. Wear,* 110 Kan. 237, 204 Pac. 141. It is not necessary to analyze the cited cases in detail. They are to be distinguished from the instant case. In each of them a junior lien holder sought, in some manner or form, to levy upon and sell the debtor owner's right of redemption. It was held he could not do so. An entirely different situation is presented here. A debtor owner having a right of redemption enters into a new contract. After foreclosure and sale and during the redemption period, for an expressed consideration of $19,700 he mortgaged his right to redeem to the bank. The habendum clause of his mortgage conveyed all his interest.

"To have and to hold the same, together with all and singular, the tenements, hereditaments and appurtenances thereunto belonging or in any wise appertaining, forever."

The mortgage was not less than an assignment or transfer of Marty's interest. In effect, it was an implied warranty of title to his mortgagee, the bank.

The statute provides that—

"The right of redemption shall not be subject to levy or sale or execution." (R. S. 60-3455.) But "The rights of the defendant owner in relation to redemption may be assigned or transferred, and the purchaser or assigns thereof shall have the same right of redemption as the defendant owner." (R. S. 60-3455.)

Had Marty executed a deed to the plaintiff there would be no question but that he conveyed all right, title and interest whatsoever he had in or to the property in controversy. Execution of the mortgage to the bank, after the sale in the Booth foreclosure, conveyed his entire interest, including his right of redemption, which was not limited to 15 months from the date of sale. Marty could redeem within 18 months from the date of sale. The plaintiff's mortgage included all of Marty's interest, so plaintiff could likewise redeem; and when he afterwards redeemed, it was for the benefit of his mortgagee (the plaintiff). Where the owner of real property, after foreclosure sale thereof and during the redemption period, assigns, transfers or mortgages all of his right, title and interest therein, including his right to redeem, he will not be heard later to say that his grantee or mortgagee has no interest therein. The owner (mortgagor) in this instance conveyed or encumbered his entire interest to the plaintiff. The plaintiff stepped into his shoes, as it were. Any interest acquired by Marty, after execution of the mortgage to the bank, inured to the benefit of the bank, and the subsequent mortgagees acquired no right in excess of the rights of their mortgagor.

The judgment is affirmed.