No. 32,493

NEW YORK LIFE INSURANCE COMPANY, *Appellant*, v. CLAYTON
SMITH, MAE ESPEY et al., *Appellees.*

(54 P. 2d 803)

 Opinion denying appellant's petition to reconsider extension of period
of redemption to February 15, 1936, granted January 2, 1936, filed February
18, 1936. (For original opinion of reversal see 142 Kan. 670, 52 P. 2d 1208.)

*W. R. Glass, Innis D. Harris, Jr.,* and *W. J. Glass,* all of Wichita, for the
appellant.

*Clifford E. Branch,* of Wichita, for the appellees.

*Per Curiam:* This is one of the five cases in which the facts were
detailed in the opinion rendered in the moratorium cases December
7, 1935, and reported in 142 Kan. 670, 52 P. 2d 1208. On January
2, 1936, the petition of the appellees for a rehearing was denied and
in connection therewith the appellees were allowed, pursuant to their
urgent request, until February 15, 1936, to redeem from the fore-
closure sale. The appellant promptly asked a reconsideration of
that part of that order denying a rehearing for the want of juris-
diction, this court having held in the opinion rendered December 7,
1935, that the foreclosure judgment rendered by the trial court fixing
the period of redemption at eighteen months was *res judicata.*

The appellant by its appeal to this court from the order of the
trial court extending the period of redemption under the moratorium
act (Laws 1935, ch. 226) was presumed to have brought its case to
this court in a way and manner to have given this court complete
jurisdiction of all the matters involved in the case. This court
reversed the judgment of the trial court and held the foreclosure
judgment to be *res judicata.* Is there any question of the juris-
diction or the authority or right of this court to have affirmed that
judgment, which would have extended the period of redemption to
January 15, 1937? The fact that the judgment was reversed did not
deprive this court of its jurisdiction over the judgment from which
the appeal was taken or the judgment to which the extension had
been made, when either affirming or modifying would have effected
an extension.

R. S. 60-3330 authorizes this court to modify as well as affirm or reverse the judgments of the trial court, and this rule especially applies in equity cases. But this power and authority is necessarily limited to the time this court has jurisdiction of the case. It could not be exercised in any case where the jurisdiction was ended or concluded. R. S. 60-3317 provides that the appellate court shall—

". . . in any case pending before it . . . render such final judgment as it deems that justice requires or direct such judgment to be rendered by the court from which the appeal was taken, without regard to technical errors and irregularities in the proceedings of the trial court."

In the recent mortgage foreclosure case, *Prudential Ins. Co. v. Foster,* 139 Kan. 112, 30 P. 2d 104, it was held:

"R. S. 60-3317 authorizes the supreme court to direct a final judgment to be rendered by the trial court, and, in an action of an equitable nature, to direct such a judgment to be rendered as fairly and finally disposes of the matters in controversy." (Syl. ¶ 2.)

In the case of *Neef v. Harrell,* 82 Kan. 554, 109 Pac. 188, where the period of redemption in a mortgage foreclosure case was fixed at eighteen months and on appeal was reduced to six months, this court said in the opinion:

"That time has already expired, but in order that opportunity may be given for the exercise of the right of redemption after the final judgment in the case the period will be extended until June 15, inclusive." (p. 555.)

The finding of this court that a judgment of the district court was *res judicata* does not prevent this court from the exercise of equitable jurisdiction in modifying that judgment while the appeal is pending in this court, which appeal was from a subsequent judgment setting aside and annulling such former judgment. Pendency of the appeal in this court is the limitation of its equitable jurisdiction, just as the expiration of the term of court limits the jurisdiction of the district courts over their judgments.

Appellant cites the recent case of *Thornton v. Van Horn,* 140 Kan. 568, 37 P. 2d 1015, which applies wholly to modification of judgments by district courts and the proceedings of taking further evidence and reaching a different conclusion, and not to the effect of a new law as to such former judgment, as in the case at bar. The syllabus in that case is as follows:

"Rule followed that after the expiration of the term of court at which a judgment was rendered, the court has no further control of it, and subsequent proceedings in the same case conducted after the expiration of the term, which had the effect of rendering nugatory the judgment already entered in appellant's behalf, were void."

Further along the same line, as applicable to the control of the district courts over their former judgments, it was held in *Sylvester v. Riebolt*, 100 Kan. 245, 164 Pac. 176:

"Rule applied that the district court has absolute control of its judgments during the term at which they were rendered." (Syl.)

And it was held in *Martindale v. Battey*, 73 Kan. 92, 84 Pac. 527, that—

"After the expiration of the term at which a judgment is rendered the court has no power to set it aside because of its being based on an erroneous ruling." (Syl. ¶ 2. See, also, *Cornell University v. Parkinson*, 59 Kan. 365, 53 Pac. 138; *Moore v. McPherson*, 106 Kan. 268, 187 Pac. 884; *Isenhart v. Powers*, 135 Kan. 111, 9 P. 2d 988; *Quinton v. Adams*, 87 Kan. 112, 123 Pac. 740; and *Piatt v. Flaherty*, 96 Kan. 42, 149 Pac. 734.)

The last two cases above cited are urged as being approvals by this court of the renewed jurisdiction of the district court after the term at which the judgment was rendered by reason of the mandate of this court directing certain action to be taken by the district court. In addition to complying with the mandate, the district courts went further and exercised equitable jurisdiction by granting further time for redemption and on appeal to this court such extensions were not reversed, but the *per curiam* opinion on the rehearing of the Flaherty case, on page 46, immediately following the opinion in that case shows that the matter of exercising equitable jurisdiction in cases that have been appealed belongs properly to the appellate court. So that the general rule of the jurisdiction of the district courts terminating at the expiration of the term should prevail and apply in cases appealed as well as those not appealed. And the renewed jurisdiction after the issuance of the mandate of the appellate court is properly limited to the matters contained in the mandate.

Appellant's petition should be denied and the extension heretofore granted for redemption to February 15, 1936, should remain in force. It is so ordered.

HARVEY, J. (concurring specially): I concur in the order denying appellant's petition, but prefer to state the facts as I understand them and my reasons as follows: Plaintiff had foreclosed its real-estate mortgage. The trial court, acting under the moratorium statute, made an order extending the time in which defendant might redeem. Plaintiff appealed from that order, contending it was

erroneous under the facts disclosed by the record. This court agreed with that contention and reversed the ruling of the trial court. Defendant moved this court for a rehearing, and, in the alternative, requested this court to grant thirty to sixty days in which he might redeem. This court denied his motion for a rehearing, but made an order giving defendant until February 15, 1936, in which to redeem. Plaintiff then petitioned this court to reconsider and to set aside its order giving defendant until February 15, 1936, in which to redeem. The petition is predicated on the ground that this court has no power, authority, or jurisdiction to make such an order. Our present decision is a ruling on that petition which denies it. I concur in this ruling.

The plaintiff, by appealing its case to this court, took the steps which gave this court jurisdiction of the case. It is an action to foreclose a real-estate mortgage, hence is one recognized in this state and elsewhere as being an equitable action as distinct from being an action at law. Courts of equity or courts authorized to hear and determine equitable actions, in this state and elsewhere, from time immemorial, have been recognized as having, and have exercised, the power and authority in foreclosure actions where an equitable consideration of the facts justified it, to grant defendant time to redeem, even though the strict consideration of the mortgage would not permit it as a matter of law. Usually the time granted is short—thirty to ninety days. Whether such time is granted in any case, and if so, how much, rests in the sound judicial discretion of the court upon the consideration, from an equitable viewpoint, of the facts and circumstances of the case.

This power and authority of a court of equity is distinct from the period of redemption provided by our statute. (R. S. 60-3439 et seq.) Speaking of the latter, this court said:

"A right to redeem from a sale of real estate is purely statutory. It does not exist at common law. Courts of equity, in justifiable cases, may grant, in their decrees of sale something akin to the right, but the power thus exercised is apart from the one conferred by the statute under consideration." (Case v. Lanyon, 62 Kan. 69, 72, 61 Pac. 406.)

The distinction has been pointed out in other cases.

This court, having jurisdiction of this case by appeal, was the proper court to consider and pass on a request for time to redeem, addressed to its equitable jurisdiction as distinct from statutes pertaining to redemption. While the appeal was pending the trial

court, of course, had no authority to make such an order. After a case is appealed to this court and the judgment of the trial court is either affirmed or reversed, a mandate embodying the judgment of this court is sent to the trial court. That court has no duty to perform except to spread the mandate of record and to proceed to have the judgment of this court carried out. It has no authority to consider other matters not contained in the mandate. (See *Chicago, R. I. & P. Rly. Co. v. Nichols,* 133 Kan. 480, 481, 300 Pac. 1064, and authorities there cited.) If, therefore, the mandate did not provide for the trial court to do so it would have no authority to entertain a motion for any further extension of time in which to redeem. If such time were granted after the appeal was taken, to be effective it would have to be granted by this court. That accords with the view heretofore taken by this court in the comparatively few cases in which it has deemed it proper, under the facts, to make an order extending the period of redemption.